### WHEATLEY v. RIDDLE.
### and
### WHEATLEY v. SAME.

Nos. 14256 and 14257, Consolidated—Opinion
Filed Sept. 18, 1923.

Rehearing Denied Feb. 19, 1924.

**1. Statutes—Construction — Adoption from Other State.**

Section 190, Comp. Stat. 1921, was adopted from the Statutes of Kansas, and the case of Seaton et al. v. Hixson et al., 35 Kan. 663, 12 Pac. 22, rendered October 7, 1886, construing said section, is controlling as to the legislative intent and other cases handed down by the Supreme Court, of Kansas since the adoption of said section by this state are persuasive upon this court. Amsden v. Johnson et al., 74 Oklahoma, 158 Pac. 1148.

**2. Limitation of Actions—Second Action After Dismissal of Original Action.**

Where an action is timely brought and dismissed without prejudice upon motion of plaintiff without trial on the merits, the act of the plaintiff in thus moving to dismiss his suit does not preclude him from bringing a second action for the action dismissed under the provisions of section 190, Comp. Stat. 1921, notwithstanding the time for originally filing said first action shall have expired. Amsden v. Johnson et al., 74 Oklahoma, 158 Pac. 1148.

**3. Same.**

Where an action is timely brought and dismissed without prejudice upon motion of the plaintiff without a trial on the merits and another action is brought for same action within one year from the date of dismissal of such action, it is error for the court to sustain a demurrer to the petition in second action on the ground that said action is not within the bar of section 190, Comp. Stat 1921.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Separate actions by G. W. Wheatley and Milley Wheatley against F. E. Riddle. Judgment for defendant, and plaintiff brings error; actions being consolidated. Reversed and remanded, with instructions.

Winfield Scott, for plaintiffs in error.

C. H. Jameson and Summers Hardy, for defendant in error.

Opinion by THREADGILL, C. G. W. Wheatley and Milley Wheatley brought separate suits in the district court of Tulsa county against F. E. Riddle to recover damages for personal injuries. Said suits being numbered 16713 and 16714, respectively, and as the same question is involved in both actions on appeal they are, by agreement, consolidated and will be considered as one question.

The plaintiffs first brought their suits against the defendant in the district court of Canadian county on the 13th day of April, 1910, alleging personal injuries by the negligence of the defendant on the 30th day of September, 1917. These actions were dismissed without prejudice, by the court, on motions of the plaintiffs on the 29th day of November, 1920. Thereafter, on October 18,1921, and within one year from date of dismissal of said cause in the district court of Canadian county, the plaintiffs filed their suits against the defendant in Tulsa county and obtained service on the defendant. On the 17th day of November, 1921, the defendant filed demurrers to the plaintiff's petitions on the ground that the causes of action were barred by the statute of limitation, which demurrers were sustained and the causes dismissed by order of the court on the 20th day of January, 1923, and from this order sustaining the demurrers and dismissing the causes, the plaintiffs prosecute their appeals to this court.

1. It is the contention of the plaintiffs that the court erred in sustaining the demurrers of the defendant and dismissing their actions; that when their first causes were dismissed in Canadian county, they had one year in which to refile them, under the provisions of section 190, Comp. Stat. 1921, which reads as follows:

"4662. Limitation of New Action. If any action be commenced within due time, and judgment thereon for the plaintiff be reversed, or if the plaintiff fail in said action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure"—the court denied them their rights under this statute, and the judgment should be reversed.

The defendant, by his demurrers, admits the facts stated in the petitions, but contends that they are not sufficient to constitute causes of action, for the reason that the plaintiffs state that they filed their suits first in Canadian county on the 3rd day of April, 1919, and upon their motions to dismiss without prejudice the court made an order on the 29th day of November, 1920, dismissing the same and without prejudice and their present suits, filed on October 26, 1921, being within one year after the dismissal but beyond the two-year statute of limitation, they cannot claim to be within the bar of the statute, section 190, Comp. Stat. 1921.

This statute was adopted from the Kansas Code of Civil Procedure (George et al. v. Connecticut Fire Insurance Company of Hartford, Conn., 84 Okla. 172, 200 Pac. 544: Amsden v. Johnson et al., 74 Oklahoma, 158 Pac. 1148), and whether adopted or copied the construction placed on it by the Supreme Court of that state has and should have great weight with this court, in determining the intent of the Legislature.

The contention involves the words "if the plaintiff fail in said action otherwise than upon the merits." The plaintiffs in error insist that when they moved to dismiss their causes of action without prejudice their suits failed otherwise than upon the merits as much as if the court had dismissed their suits upon its own motion or upon the motions of the defendant, but the trial court took the view that if the plaintiffs moved to dismiss they could not claim a failure "otherwise than upon the merits."

2. The defendant contends for this view of the trial court and urges that, since plaintiffs moved a dismissal of their first causes of action, they were at fault in securing the dismissal; that their moving the dismissal was an abandonment, and they cannot take advantage of their own fault and toll the statute of limitation under the above section by their new causes of action. We are not unmindful of the force of this argument as made by the defendant in his very able brief and the cases cited as well as the eloquence of his counsel in presenting his contention by oral argument, but this contention has been met by the argument of the Supreme Court of Oklahoma Territory, in an opinion prepared by Chief Justice Buford, in the case of Myers v. First Presbyterian Church at Perry, 11 Okla. 544, 69 Okla. 874. The trial court made a rule requiring the plaintiff to pay certain costs acruing in the case, which he refused to do, and the court, for that reason dismissed the action without prejudice. The plaintiff refiled the suit, although at fault for the dsmissal, and on appeal the court held as follows:

"After the cause was reversed and remanded to the probate court, the cause was dismissed by the probate court without prejudice, for failure of the plaintiff to comply with a rule as to payment of costs. This did not constitute a trial of the case on, or a determination of, the merits, and hence the plaintiff had a right to bring his second action within one year from the dismissal of the first, and this was done, and the statute of limitations has not barred the right of action. Neither does the judgment in the first cause constitute an estoppel;

there was nothing finally adjudicated; the merits were not involved in the dismissal, and the court expressly ordered the dismissal without prejudice."

It will be observed that in this case the dismissal was wholly by the fault of the plaintiff in not obeying the rule of the court to pay the costs. The court certainly had a right to require the plaintiff to pay the costs and to dismiss the cause of action if he did not pay it, and it may be said that the plaintiff was wholly at fault in the dismissal of the cause of action, and yet the Supreme Court held that the second cause of action was within the bar of the statute.

3. This question has been before the Supreme Court of this state in the case of Wilson v. Wheeler, 28 Okla. 726, 115 Pac. 117, and Amsden v. Johnson et al., 74 Oklahoma, 158 Pac. 1148.

The first paragraph of the syllabus in Wilson v. Wheeler, reads as follows:

"Where a party brings an action for relief on the ground of fraud within the contemplation of Wilson's Statutes of Oklahoma, section 4216, (and on the trial, by leave dismisses the same without prejudice, more than two years after his right of action accrued, and such party brings a second suit within one year from the time of the dismissal of the first cause of action to recover on the same cause of action, held, that the bar of the statute is not let in because of Wilson's Stats. of Oklahoma, section 4221."

In the body of the opinion the court says:

"When plaintiff by leave of court was permitted to dismiss this suit without prejudice there was a failure of the action otherwise than upon the merits and entitled him to commence a new action within one year after failure."

In the case of Amsden v. Johnson et al., supra, the first and second paragraphs of the syllabus read as follows:

"1. Where a statute is adopted from another state, the decisions of the Supreme Court of the state from which adopted, construing such adopted statute, rendered prior to the adoption of such statute by this state, are controlling.

"2. Where an action is timely brought and dismissed without a trial upon the merits, and another action for the same cause of action is brought within one year from the dismissal of such action, such second action is not, under section 4662, Revised Laws 1910, barred notwithstanding that the time for originally filing said first action shall have expired, and said section 482 applies to all actions, whether statutory or under the common law."

In the body of this decision the court reviews many of the leading Kansas cases as well as the Oklahoma cases applicable to the question involved in the case at bar and lays down the rules stated in the syllabus and as above quoted, and while the courts of some other states have held opposite views in passing on similar statutes to ours, we are of the opinion that the weight of the argument as to the meaning of the legislative intent in this section of the statute under consideration is with the Kansas and Oklahoma authorities.

Therefore the orders of the district court of Tulsa county, sustaining defendant's demurrers to plaintiffs' petitions, causes numbered 16713 and 16714 in said district court, are hereby reversed and remanded, with directions to overrule the said demurrers and reinstate the said causes of action and take such further proceedings in the same not inconsistent with this opinion.

By the Court: It is so ordered.