## AMIS v. MANEY et al.

No. 18074. Opinion Filed April 17, 1928.

(Syllabus.)

**1. Action—Conditions Precedent to Action —Requisite Pleading.**

Where the right of an action depends upon a condition precedent, either its performance or a legal reason for dispensing with it must be alleged.

**2. Contracts—Building Contract—Approval of Engineer as Condition Precedent to Action—Requisite Pleading.**

Where plaintiff's contract provided that the work was to be done with the written approval of the engineer in charge, plaintiff must allege the written approval of the engineer or a good and sufficient reason for not obtaining it or that the condition requiring such written approval was waived or modified by the defendants.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by R. T. Amis against John Maney et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Hargis & Yarbrough and Lee Williams, for plaintiff in error.

Elmer L. Fulton, for defendant Maney Brothers & Company.

HEFNER, J. R. T. Amis, as plaintiff, brought suit against Maney Brothers & Company, as defendants, in the district court of Osage county, to recover certain amounts alleged to be due on a contract between the plaintiff and the defendants for the grading necessary to construct a portion of a roadbed for the Osage County & Santa Fe Railway. The material parts of the contract between the plaintiff and defendants are as follows:

"I have examined the work involved and agree to perform the grading necessary to construct the roadbed on the following miles of the Osage County & Santa Fe Railway, at and for the following prices: (setting forth the miles and prices).

"I understand the above work is to be performed by me in accordance with the specifications of the Osage County & Santa Fe Railway and the instructions and directions of the engineer in charge and agree to enter into a formal contract with your company at any time same is presented to me for execution. I agree to have sufficient outfit on the work necessary to complete same within the time specified within 15

days from the date hereof and complete the work to the written approval of the engineer in charge on or before the first day of August, 1922."

The defendants were the original contractors with the railway company to grade and construct the roadbed in accordance with specifications attached to their contract with the railway company, and they contend that the plaintiff was a subcontractor to do a portion of the work. The plaintiff contends that, while he agreed to do the work on a portion of the road, he is not, in fact, a subcontractor. He contends that he merely agreed to perform a part of the work which the defendants had contracted to do, and to perform this work, not for the railway company, but for the defendants, and to look for his pay, not to the railway company, but to the defendants.

The written agreement entered into between the plaintiff and the defendants, supra, shows an intention to enter into a formal contract at a later date, but this was never done. After the fourth amended petition had been filed, the trial court sustained a demurrer to the first cause of action. The plaintiff declined to plead further and brought the case here for review.

The plaintiff's cause of action is based upon the above contract; a copy of which was attached to his petition. Plaintiff alleged that he in all respects had complied with the terms of the contract entered into between himself and the defendants. He claims these allegations are sufficient to bring him within the provisions of section 301, C. O. S. 1921, which is as follows:

"In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading must establish, on the trial, the facts showing such performance."

Under the terms of the contract, plaintiff was to do the work in accordance with the specifications of the railway company and to the written approval of the engineer in charge. These are each conditions precedent to the right of recovery, and the performance or a legal reason for dispensing therewith must be alleged. In 9 C. J. 867, the general rule is stated as follows:

"Where the right of action depends on a condition precedent, either its performance or a legal reason for dispensing with it must be averred. Thus, where payments are to be made only on the certificate or estimate of an architect or an engineer, plaintiff must allege the obtaining of such certificate or estimate, a good and sufficient reason for not obtaining it, or that the condition requiring such certificate or estimate was waived or modified."

It is true the plaintiff alleged that he in all respects had complied with the terms of the contract. That is a sufficient allegation concerning the performance of his part of the work.

The condition in plaintiff's contract that the work should be completed to the written satisfaction of the engineer in charge is not a condition to be performed by the plaintiff, but is one to be performed by the engineer, and is a condition precedent to the right of the plaintiff to recover. The written approval stipulated for was to be made by the engineer and in no way subject to the direction or control of the plaintiff. It was the duty of the engineer, and not the plaintiff, to say whether or not the work had been done in accordance with the specifications.

Under the contract it was necessary for the plaintiff in substance to allege that the work had been completed with the written approval of the engineer in charge on or before the 1st day of August, 1922, or to allege a satisfactory reason why he did not procure the written approval of the engineer. Since the petition contained neither of these allegations, it did not state a cause of action.

The judgment of the trial court is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 31 Cyc. pp. 107, 108. (2) 9 C. J. p. 867, §205; 6 R. C. L. p. 958.