## BOAKE v. CITY OF ANADARKO.

No. 20346. Opinion Filed July 28, 1931.
Rehearing Denied Sept. 15, 1931.

Pruett·& Wamsley, for plaintiff in error.

Morris & Wilhite, for defendant in error.

CLARK, V. C. J. This is an original action commenced in the district .court of Caddo county by plaintiff in error herein, R. L. Boake, against the defendant in error herein, the city of Anadarko, a municipal corporation, to recover damages. The parties appearing herein will be referred to as they appeared in the trial court.

The plaintiff alleged in his original petition that defendant was a municipal corporation; that plaintiff was the .owner and in possession of the lands described .in petition; said lands were valuable bottom lands and planted in farm products for more than ten years; that the Washita river runs near the lands of the plaintiff, and that in the year 1909, the city of Anadarko wrongfully built and erected a solid concrete dam extending from the east to the west bank of said river; that said dam so built is 14 feet high, and raised the water in the said river just above the dam a height of 14 feet above the water in the river just below the dam; and that said dam has obstructed and still is obstructing the free flow of water in said river and is an obstruction of the water course; that the said dam was erected at a point on the river at about one-fourth of a mile north and down the river stream from the lands cf the plaintiff; that the city of Anadarko, its officers, agents and employees have wrongfully maintained said dam from the time of said construction continuously to the present time, and by reason thereof have caused the waters of said river, in time of ordinary floods, to overflow the lands of plaintiff; that, on or about the 9th day of October, 1926, during the time of an ordinary flood, it overflowed the lands of plaintiff, damaged his crops and pecan trees in the sum of $1,071.95, as shown by statement attached, and made a part of said petition; that the overflowing of said lands at said time was caused by the erection and maintenance of said dam, and that the said overflow and damage would not have occurred had said dam not been built and so maintained and said water course so obstructed; that plaintiff filed claim with the city clerk of the defendant for said damage, which defendant failed and refused to pay. Prayed judgment on his first count in the said sum of $1,071.95; also plaintiff set up in count No. 2 damage from overflow in said river in the month of May, 1927, in the sum of $340, also set up in count No. 3 damages from the overflow of said river in May and June, 1928, in the sum of $563.

The defendant filed a general demurrer to each and every cause of action in the said petition. Thereafter· defendant's demurrer was sustained to each and every cause of action therein stated. Thereupon plaintiff asked and was granted 20 days in which to file amended petition.

Thereafter the plaintiff filed on the 31st day of December, 1928, his amended petition in said cause, which was about the same as the original petition, prayed for the same amount of damages, and for damages on the same dates as set out in the original petition, and the only material change was the addition of the allegations: "that the said wrongful and negligent construction of said dam and the wrongful and negligent maintenance of said dam in the condition so construc·ed is abatable by the expenditure of labor and money in the construction and installation of proper flood gates and openings in the said dam which could be opened in times of flood waters and allow such flood waters to flow down' said stream with little or no material obstruction, but that the said city of Andarko has wrongfully and negligently failed to construct and install said flood gates or openings."

Defendant filed separate demurrers to the first and second causes of action for the reason that they failed to state facts sufficient to constitute a cause of action and are barred by the statute of limitations. Defendant filed demurrer to the third cause of action for the reason the same failed to state facts sufficient to constitute a cause of action.

Thereafter the demurrer of defendant to the first cause of action stated in amended petition of plaintiff was sustained by the court for the reason that it is alleged in the petition that the first cause of action occurred on the 9th day of October, 1926, and that the amended petition was not filed until the 31st day of December, 1928, more than two years after the damages complained of, and that the amended petition did not relate back to the original petition, and that said demurrer should be sustained only for the reason that the first cause of action is barred by the statute of limitations, to which action of the court plaintiff excepted and gave notice of appeal, and brings the cause here for review by transcript.

The record discloses that the original petition was filed on October 6, 1928. The first cause of action in the original petition was based on damages which occurred on the 9th day of October, 1926. Plaintiff in error contends that the court erred in sustaining the demurrer of the defendant to the first cause of action stated in the amended petition of plaintiff.

The trial court sustained the demurrer on the grounds that the claim of plaintiff was barred by the statute of limitations, the first cause of action occurring, as alleged in the amended petition, on the 9th day of October, 1926, and the amended petition not being filed until the 31st day of December, 1928.

In the case of Westchester Fire Insurance Co. v. Federal National Bank, 135 Okla. 47, 273 Pac. 889, this court said in first paragraph of the syllabus:

"An amended petition which contains no new cause of action, but merely an enlarged claim for damages arising from the same act mentioned in the original petition, is not subject to demurrer because the same shows on its face that claim is barred by statute of limitations; but the amended petition will be held to relate back to the filing of the action and defeat the operation of the statute."

And in the body of the opinion, at page 48 of Oklahoma Reports, supra, this court said:

"On the other hand, where the original petition states a cause of action, but does it imperfectly, and afterwards an amended petition is filed correcting the defect by merely making perfect that which was imperfectly stated, such amendment will relate back to the time of the filing of the original petition, and a plea of the statute of limitations is not available thereagainst."

In the case at bar the plaintiff alleged in original petition the construction of the dam by defendant and the continued maintenance thereof by defendant, and the date of the damages and the amount of damages, and the action was filed before the operation of the statute became complete; and the amended petition merely enlarged and stated more perfectly the allegations of the original petition, and added therein an allegation that the said wrongful and negligent construction and maintenance of said dam was abatable by the expenditure of labor and money in installing proper flood gates, and it is our opinion that the said amended petition related back to the filing of the original petition so as to toll the statute of limitations.

It is therefore the judgment of this court that the trial court erred in sustaining said demurrer. Judgment of the trial court is reversed and remanded, with directions to overrule the demurrer.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) 17 R. C. L. 815; R. C. L. Perm. Supp. p. 4353; R. C. L. Pocket Part, title "Limitation of Actions," § 180.