## AMIS v. MANEY et al.

No. 20379. Opinion, Filed Oct. 27, 1931.

Rehearing Denied Nov. 24, 1931.

Hargis & Yarbrough, for plaintiff in error.

Elmer L. Fulton, for defendants in error.

HEFNER, J. This is an action brought in the district court of Osage county by R. T. Amis against John Maney and others, doing business under the firm name of Maney Brothers & Company, to recover on a contract.

The petition alleged three separate and distinct causes of action. Defendants filed a demurrer to each and every cause thereof. The trial court sustained the demurrer as to the first cause of action and dismissed that action, but overruled it as to the second and third causes of action.

Plaintiff appealed to this court from the judgment sustaining the demurrer and dismissing his first cause of action. The judgment was affirmed by this court. Amis v. Maney, 130 Okla. 216, 266 P. 757. Upon receipt of the mandate defendants filed an answer to plaintiff's second and third causes of action, but thereafter, by permission of the court, withdrew their answer and renewed their demurrer to these causes of action. The trial court sustained the demurrer. Plaintiff amended by interlineation. Upon motion of defendants the amendments were stricken and the actions dismissed.

In the second cause of action it is alleged that plaintiff, at the request of defendants, expended the sum of $353.56 in repairing certain boilers belonging to them and that the defendants were indebted to him therefor in that amount. Defendants contended that the petition was defective for the reason, that it failed to allege that defendants agreed to pay for the repairs. After the demurrer was sustained, plaintiff amended by inserting such allegation. In the third cause of action it is alleged that defendants rented certain tools and machinery from plaintiff at an agreed rental of $1,352, and that the amount was due him from defendants. The demurrer to this cause of action was sustained on the ground that plaintiff failed to allege that the amount was unpaid. After the demurrer was sustained plaintiff amended by interlineation by inserting after the words "due and owing" the words "and unpaid." Defendants contend that the demurrer was properly sustained and plaintiff's causes of action dismissed for the reason that the original petition stated no cause of action whatever, and that the amendments did not therefore relate back to the filing of the original petition, and that plaintiff's second and third causes of action were therefore barred by limitation. This seems to be the theory upon which the judgment dismissing these causes of action was rendered.

Assuming, without deciding, that the petition was defective as contended by defendants, it was not so defective as to entirely fail to state a cause of action. The amendment simply sought to make perfect that which the trial court held was imperfectly stated. The amendment therefore related back to the time of the filing of the original petition and plaintiff's causes of action were not barred. U. S. Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 P. 834; Home Ins. Co. v. Whitchurch, 139 Okla. 1, 281 P. 234; Westchester Fire Ins. Co. v. Fed. Nat. Bank, 135 Okla. 47, 273 P. 889. Under these authorities the trial court committed reversible error in dismissing plaintiff's causes of action.

The appeal is here on transcript. Defendants contend that the error complained of does not appear on the face of the judgment roll and cannot therefore be reviewed

194

on appeal by transcript. This contention has been heretofore decided against them on their motion to dismiss the appeal.

Judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) 21 R. C. L. 579, 580; R. C. L. Perm. Supp. p. 5077; R. C. L. Pocket Part, title "Pleading," § 131.