## MONTGOMERY WARD & CO. v. PITTS-BURGH MORTGAGE INV. CO.

No. 21517. Opinion Filed Feb. 7, 1933.

M. F. Cosgrove and John C. King, for plaintiff in error.

Robinson & Oden, for defendant in error.

OSBORN, J. This action was commenced in the district court of Beaver county by the plaintiff, Montgomery Ward & Company, a corporation, as an action for damages. Plaintiff alleges that it had a judgment against one P. H. Kraft which constituted a lien against his land; that the defendant had a mortgage against the same land and started a foreclosure proceeding. It is further alleged that plaintiff's attorney had some correspondence with a party named H. M. Lawson, an abstractor at Beaver, Okla., as an agent of defendant, and also with T. M. Robinson at Altus, Okla., attorney for the defendant, in an effort to ascertain the amount of the indebtedness against the land; that said parties misinformed plaintiff's attorney as to the amount of indebtedness and in the correspondence did not mention the fact that the mortgage being foreclosed was a second or commission mortgage. It is further pleaded that they made no mention of a first mortgage of $2,000, and that plaintiff was thereby induced to attend the sheriff's sale and bid the sum of $1,442.49 to protect its judgment lien. This being the highest bid, plaintiff was declared the purchaser of the land and thereafter paid this sum into court. Later plaintiff learned of the $2,000 first mortgage and immediately tendered the land to the defendant and demanded a return of the money paid, which was refused by the defendant; that the land was reasonably worth $2,000, and that the sum total of the mortgage indebtedness to defendant was $3,260. That plaintiff was damaged in the sum of $2,000, for which it asked judgment.

Plaintiff's petition was filed on December 16, 1925, and the defendants duly appeared and filed a general demurrer to the petition, which was thereafter sustained by the court on the 4th day of May, 1926, and plaintiff was allowed 20 days in which to amend its petition. It appears that the amended petition was filed on July 23, 1926, without leave of court or consent of counsel to file the same out of time; that defendant filed a demurrer to plaintiff's amended petition, and on August 9, 1927, the demurrer was overruled. Defendant then filed an answer to the petition on September 29, 1927, and later, by leave of the court, on October 25, 1927, filed an amended answer.

The cause came on for trial on June 24, 1929, a jury was waived, and the cause submitted to the court. All the evidence was presented on both sides and the case taken under advisement. On August 26, 1929, the court rendered judgment wherein it found that the allegations of the plaintiff's petition were true and found the equities generally in favor of plaintiff on the facts, but rendered judgment in favor of defendant on the ground that the amended petition filed July 22, 1926, was filed out of time without leave of court or opposing counsel, and that, in fact, no action was pending before the court. The court further found that the amended petition did not state a new cause of action, but was sufficient and would entitle the plaintiff to recover but for the fact that it was not filed within the time allowed by

the court nor with the permission of the court or opposing counsel, and further found that the defendant did not waive its objection thereto by filing its demurrer and answer to said amended petition. The court, therefore, concluded that there was no action pending by the plaintiff, and rendered judgment in favor of defendant. From this ruling of the court the plaintiff has appealed.

It will be noted that there is no claim of a departure by the filing of the amended petition, and the court found that no new cause of action was stated therein.

It is clear that the filing of a pleading out of time is a matter that can be waived by the opposing party; that a failure to make proper or timely objection, or the doing of any act, which, in legal contemplation, implies an intention to overlook the sufficiency of the filing of the pleading, constitutes a waiver of the defect. See 49 C. J. 829, 830.

Here a demurrer was filed to the amended petition, which for the purpose of the demurrer admits the truth of the allegations contained in the amended petition. An answer was subsequently filed, and later an amended answer. If the amended petition was filed out of time and for that reason is fatally defective, it would necessarily follow that the same is true of the demurrer, the answer, and the amended answer. Therefore, if the conclusion of the trial court is correct, the pleadings are in a state of hopeless confusion, and neither side is properly in court. It is clear that the conduct of the defendant in filing a demurrer and causing the court to act thereon without questioning the time of filing of the amended petition, constitutes a waiver of the sufficiency of the filing of the amended petition, and that the trial court in rendering the judgment should have considered all of the pleadings as properly filed and all of the parties as properly before the court.

It is conceded that the two-year statute of limitation, which controls in this action, expired prior to the time of the filing of the amended petition, and defendant contends that plaintiff is thereby barred. The general rule applying to such a state of facts is found in 37 C. J. 1072, as follows:

"Where the original declaration states a cause of action, but does it imperfectly, and afterward an amended declaration is filed correcting the defect, the plea of the statute of limitations will relate to the time of filing of the original declaration. * * *"

Here the trial court found that the amended petition did not state a new cause of action, and we believe its conclusion correct. Since there was no departure from the original cause of action, and the original petition was filed prior to the intervening of the statute of limitation, such contention must fail.

If this were not true, the defense of statute of limitation would fail by reason of the provisions of section 106, O. S. 1931. See Simon P. Myers v. First Presbyterian Church of Perry, 11 Okla. 544, 69 P. 874; Wheatley v. Riddle, 97 Okla. 218, 223 P. 680; Amsden v. Johnson, 74 Okla. 295, 158 P. 1148.

The defendant suggests that the court review the entire record with the idea of determining that defendant was entitled to prevail on the basis of the facts in the case and to enter an order sustaining the ruling of the trial court for the reason that, if the trial court erred in its conclusion of law, the same was harmless error according to the provisions of section 319, C. O. S. 1921. This statute was not intended to apply to a situation as is presented here for the reason that one of the foundation stones of justice is the right to have a trial based on the merits of the case. Morever, this was an action for damages properly triable to a jury, unless waived, and the court apparently found the facts for the plaintiff, but found that plaintiff could not recover on account of a superficial view of the pleadings. The cause is reversed, with directions to grant a new trial.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.