## COOK v. BRUSS.

No. 21410. March 13, 1934.

the defendant, and on October 11, 1926, the court entered judgment quieting title to said property in Eva Bruss. On September 24, 1929, defendant filed a petition to vacate the judgment so obtained and attached thereto his answer. Plaintiff filed an answer on November 9, 1929, and on November 23, 1929, she was given leave to withdraw her answer and file a demurrer. While the demurrer was pending, defendant was granted leave to amend the petition to vacate by interlineation, and his petition was amended by interlineation. On December 30, 1929, the court withdrew the leave to amend previously granted and sustained the demurrer to the petition.

The petition to vacate was filed under the provisions of section 189, O. S. 1931 (section 256, C. O. S. 1921), which provides:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit or other evidence, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it, shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits or other evidence to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

Park Wyatt and Thos. C. Wyatt, for plaintiff in error.

E. D. Reasor and F. H. Reily, for defendant in error.

OSBORN, J. This is an appeal from the district court of Pottawatomie county by E. B. Cook, hereinafter referred to as defendant, against Eva Bruss, hereinafter referred to as plaintiff. From an order of said court sustaining a demurrer to defendant's petition to vacate a judgment, defendant appeals.

Plaintiff, Eva Bruss, was the holder of a tax deed on lots 1 to 6, in block 73, in the town of Asher, Okla. On July 12, 1926, she filed this action against various parties, including the defendant herein, to quiet title in said real property under her tax deed. Publication service was had on

It is argued that the petition as originally filed was defective in that it did not state that during the pendency of the action defendant had no actual notice thereof. This defect was cured by the amendment, but it is further argued that, since the three-year statute of limitation had run prior to the date permission to amend was granted, the action was barred by the above statute, and the court was without authority to grant permission to amend. Plaintiff relies upon

the rule announced in the case of Hill v. Persinger, 57 Okla. 663, 157 P. 744, which follows an early Kansas decision, that of Satterlee v. Grubb, 38 Kan. 234, 16 P. 475, in which it was held that under the Kansas statute, the applicant should give notice of the application, file a full answer, offer to pay all costs, if required, and file an affidavit that he had no actual notice of the pendency of the action in time to make a defense, and that each and every requisite step must have been performed and completed prior to the expiration of three years from the date of rendition of the judgment.

There is a marked distinction between our statute and the Kansas statute. The above statute provides that applicant must "make it appear to the satisfaction of the court by affidavit *or other evidence*," that he had no actual notice of the pendency of the action. The words, "or other evidence," are not contained in the Kansas statute. Our statute evidences an entirely different legislative intent than that announced in the cases above referred to. Since it is provided that lack of actual notice may be established by "other evidence", it is clear that it was not intended that the establishment of lack of actual notice by affidavit was one of the requisite steps prior to the running of the three-year statute of limitations. We therefore cannot follow the Kansas case, nor the case of Hill v. Persinger, supra. Under our procedure, amendments are favored and generally should be allowed. Oklahoma, K. & M. R. Co. v. Wilson, 84 Okla. 118, 202 P. 275. Moreover, even in Kansas, the Supreme Court held, in an identical proceeding, that the application could be amended after the expiration of said period by adding a proper verification. Young v. Martin (Kan.) 153 P. 542.

The petition was filed within the period of limitation. It is true that the three years had expired when the amendment was made. The amendment, however, did not state a new cause of action, was not a departure from the original cause of action, and served only to amplify or clarify the allegations previously contained in the petition to vacate.. In the case of Montgomery Ward & Co. v. Pittsburgh Mortgage Inv. Co., 162 Okla. 24, 18 P. (2d) 1055, it is said:

"In an action where the petition defectively states a cause of action and a demurrer is sustained thereto, and an amended petition filed which states a cause of action, based on the same state of facts, and said amended petition does not constitute a departure from the original cause of action, said action is not barred by the statute of limitations where the statutory period of time expired prior to the filing of the amended petition, but subsequent to the filing of the original petition."

In the case of Amis v. Maney, 153 Okla. 193, 4 P. (2d) 1048, it is said:

"Where an original petition states a cause of action, but does it imperfectly, and afterwards an amended petition is filed correcting the defect by merely making perfect that which was imperfectly stated, such amendment will relate back to the time of the filing of the original petition, and a plea of the statute of limitations is not available against such amended petition even though an original action would have been barred at the time the amendment was made."

In the case of Boake v. City of Anadarko, 151 Okla. 115, 2 P. (2d) 941, it is said:

"An amended petition, which sets out cause of action as between the same parties plaintiff and defendant, gives the same date of the alleged damages, and the same amount of damages, as in the original petition, and which contains no new cause of action, but merely an enlargement, and makes more perfect the allegations as contained in the original petition, is not subject to demurrer, because the same shows on its face that the claim is barred by the statute of limitations, which had become complete since the filing of the original petition. The amended petition will be held to relate back to the filing of the action and defeat the operation of the statute."

See, also, Westchester Fire Ins. Co. v. Federal Nat. Bank, 135 Okla. 47, 273 P. 889; U. S. Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 P. 834; Home Ins. Co. v. Whitchurch, 139 Okla. 1, 281 P. 234.

We therefore conclude that the failure to include an allegation in the petition, or to file an affidavit showing that defendant did not have actual notice of the pendency of the action, does not create a fatal defect in said petition to vacate not subject to correction by amendment, since it is apparent that said fact may be established by other evidence as well as by affidavit.

Since no other issues are raised in the briefs of the parties, the judgment of the trial court is reversed, and the cause remanded, with directions to reinstate the amendment and to overrule plaintiff's demurrer, and to take such further proceedings as are not inconsistent with the views herein expressed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY

and WELCH, JJ., concur. RILEY, C. J. dissents.