## REVARD, Adm'r, v. PY-AH-HUN-KAH.

No. 23114.   April 2, 1935.

Frank T. McCoy, John R. Pearson, and John T. Craig, for plaintiff in error.

John Tillman, Fred A. Tillman, and Louis O. Fink, for defendant in error.

OSBORN, V. C. J. This action was commenced in the district court of Osage county by Alice Py-ah-hun-kah, hereinafter referred to as plaintiff, against George B. Mellott, as administrator of the estate of Harry Py-ah-hun-kah, deceased. The cause was tried to the court, a judgment rendered in favor of plaintiff, and defendant appealed.

After the cause was filed in this court, George B. Mellott died and the action was revived in the name of F. N. Revard, as administrator of the estate of Harry Py-ah-hun-kah, who will hereinafter be referred to as defendant. Plaintiff's petition alleges that on August 1, 1927, she obtained a judgment in the district court of Osage county against Harry Py-ah-hun-kah in the sum of $10,000, as alimony; that Harry Py-ah-hun-kah died on February 7. 1930; that plaintiff filed a claim against the estate for the above amount with interest, which was rejected by the administrator. At-

tached to the petition is a copy of the claim containing a copy of the journal entry of final judgment upon which the action is based.

It appears that when the petition was filed the copy of the claim attached to the petition did not show that it had been properly verified. During the course of the trial permission was granted on application of plaintiff's attorneys to amend the petition by showing that the original claim filed with the administrator and rejected by him was properly verified. It is contended that the trial court erred in allowing such amendment. When evidence was introduced showing that the claim filed with the administrator was properly verified, the court did not abuse its discretion in allowing the amendment to the petition. Cummins v. Houghton, 167 Okla. 278, 29 P. (2d) 71; Elliott v. Coggswell, 56 Okla. 239, 155 P. 1146. Neither is there any merit in defendant's contention that the action is barred by the statute of limitations because the time for filing the action expired subsequent to the date of the filing of the petition and prior to the date of the amendment. Cook v. Bruss, 167 Okla. 466, 30 P. (2d) 686, and cases therein cited.

Defendant contends that the judgment upon which the claim is based is void on its face, citing Hovey v. Elliott, 167 U. S. 409. 42 L. Ed. 215, 17 S. Ct. Rep. 841. The pertinent provisions of the journal entry of final judgment are as follows:

"Now on this 1st day of August. 1927, this matter came on to be heard before me, J. R. Charlton, special judge, in and for Osage county, Okla., especially assigned to act in and because of the absence from the state of J. J. Worten, regularly elected district judge in and for Osage county, Okla., upon the petition of the plaintiff herein. The court finds that a summons has been regularly and duly served upon the defendant herein and that he appeared herein and plead, but that the former order of the district judge requiring this defendant to appear and pay temporary alimony and attorneys' fees has been willfully disregarded by this defendant, and that the order of July 2, 1927, allowing this defendant ten days time to pay said orders has not been complied with. Upon the motion of the plaintiff herein, the defendant is thereupon by this court declared in default and the allegations of the petition ordered taken as confessed."

It will be noted that the journal entry of judgment shows on its face that the defendant appeared therein and pleaded, but it does not disclose on its face whether or

not said pleading was on file and undisposed of. In this connection we refer to the answer of the defendant in this action. He pleads therein that Harry Py-ah-hun-kah employed counsel to represent him and to resist the obtaining of alimony by plaintiff; that thereafter and prior to the entry of said judgment the plaintiff represented to him and third persons that she did not intend and it was not her purpose to take a judgment for alimony; that Harry Py-ah-hun-kah was agreeable to a decree of divorce and that in reliance upon her statements and representations that no judgment for alimony would be sought or taken against him, said Harry Py-ah-hun-kah "defaulted therein." The entire judgment roll is not introduced in evidence and from the pleadings of defendant herein it appears that he conceded that the said Harry Py-ah-hun-kah was, in fact, in default. In this connection it is significant to note that, although the judgment was rendered on August 1, 1927, and Harry Py-ah-hun-kah did not die until February 7, 1930, and in the meantime made payments to plaintiff of $355, no application was made to vacate said judgment by the said Harry Py-ah-hun-kah.

It is insisted by plaintiff that defendant did not rely upon this ground of attack on said judgment in the trial court, and the record in this case seems to support that conclusion. The pleading of defendant, and his admission that his deceased, Harry Py-ah-hun-kah, was in default in the original action, preclude a determination herein that said judgment was void on its face. Not having urged this defense in the trial court and the judgment not disclosing on its face that it is void, defendant is barred from relief on this ground under the rule announced in Black v. Parisho, 152 Okla. 70, 3 P. (2d) 673; Fast v. Gilbert, 102 Okla. 245, 229 P. 275; Samuels v. Granite Sav. Bank & Trust Co., 150 Okla. 174, 1 P. (2d) 145; Westlake v. Cooper, 69 Okla. 212, 171 P. 859.

Defendant contends that the court erred in refusing to permit the introduction of evidence showing fraud in the rendition of the judgment in that the plaintiff herein in that original action represented to the defendant therein that plaintiff would not take a judgment against Harry Py-ah-hun-kah for alimony, and that the said Harry Py-ah-hun-kah had no knowledge of the rendition of the said judgment during his lifetime.

The question is likewise determinable upon the pleadings in this cause in that said matters were alleged in the answer of the defendant administrator herein, but said answer contains the further allegation and prayer:

"* * * That it is the purpose and intention of this defendant, as administrator of the estate of the said Harry Py-ah-hun-kah, deceased, to institute in this court, without unnecessary delay, proceedings to vacate and set aside said purported judgment for alimony in the manner required by the statutes in such case made and provided, and to prosecute the same to as speedy a determination as possible; that further proceedings in this cause should be stayed until such time as the action of this defendant to vacate and set aside said purported judgment can be instituted and prosecuted to a final determination, as aforesaid.

"Wherefore, defendant prays that the court enter an order herein staying further proceedings in this cause until such time as the action of this defendant to vacate and set aside said purported judgment for alimony can be instituted and prosecuted to a final determination, and that upon the trial of this cause plaintiff take nothing, and that this defendant be discharged with his costs."

It is to be noted that defendant did not seek by his pleadings equitable relief against said judgment, but only announced his intention of filing a proceeding in the original action and herein prayed that an order be entered staying this cause until he could take some other action in the original cause. Whether or not he could have his relief in this action is not presented by the record herein nor do we determine that question. It is manifest that defendant, by his pleadings, was of the opinion that his remedy, if any, was in another proceeding. Under the pleadings herein we think there was no error in rejecting the proffered testimony. Oklahoma Produce Co. v. Cotton Products Co., 111 Okla. 257, 239 P. 656; Hutchison Lmbr. Co. v. Lewis, 89 Okla. 145, 214 P. 721.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.