Allean POWERS, Plaintiff in Error,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Gulf, Colorado and Santa Fe Railway Company, a corporation, John Harlow d/b/a Harlow Trucking and Construction Company, Andrew Warner, and Hardware Mutual Insurance Company of Minnesota, a corporation, Defendants in Error.

No. 40488.

Supreme Court of Oklahoma.

May 27, 1964.

Bishop & Bishop, By H. Corky Bishop, Seminole, for plaintiff in error.

Rainey, Flynn & Welch, Oklahoma City, for defendants Atchison, Topeka and Santa Fe Railway Co. and Gulf, Colorado and Santa Fe Railway Co.

John F. Eberle, Oklahoma City, for defendants John Harlow, d/b/a Harlow Trucking and Construction Co., Andrew Warner and Hardware Mutual Insurance Co. of Minnesota.

HALLEY, Vice Chief Justice.

The parties appear here as they did in the trial court and will be referred to as plaintiff and defendants or by name. Plaintiff appeals from the order of the trial court which sustained the separate demurrers of the defendants. Plaintiff's amended petition alleged that she was injured as the result of a train-truck collision on October 7, 1954, in Carter County, Oklahoma. This action was commenced by plaintiff on January 28, 1957, in the Superior Court of Creek County against the two railway companies on whose train she was riding, the trucking company, which owned the truck involved in the collision, the trucking company's driver and its insurance carrier. In order to avoid the bar of the two-year statute of limitations, plaintiff alleged by amendment to the amended petition that on September 26, 1956, she had filed an action against these same defendants in the Superior Court of Seminole County alleging the same negligence and injuries as are alleged herein. She also alleged that summons was issued and served on all defendants, that she thereafter dismissed the Seminole County action without prejudice on January 28, 1957, and that she filed the instant action within one year in compliance with the statutes of the State of Oklahoma.

As to the two railway defendants, plaintiff states that she complied with the terms of 12 O.S.1961 § 100, and therefore the statute of limitations is not a bar to the instant action. This cited statute permits the institution of a new action within a year after any action commenced within due time fails otherwise than upon the merits, and where the time limited for the same has expired at the time of such failure. Plaintiff cites the early case of Wheatley v. Riddle, 97 Okl. 218, 223 P. 680, in support of her position. This case is authority for the principle that where an action is timely commenced and dismissed without prejudice upon plaintiff's motion prior to trial on the merits but after the statute of limitations has run, plaintiff may commence a new action within a year after such dismissal. The cited case did not have involved in it the issue of whether the first action was "commenced." In lieu of filing a reply brief in the instant appeal, plaintiff filed a motion for this Court to rule upon this issue upon the briefs now before us and upon the evidence contained in the transcript before this Court, which includes the petition and all of the summonses and motions filed in the Seminole County action.

The defendants cite the case of Myers v. Kansas, Oklahoma & Gulf Ry. Co., 200 Okl. 676, 199 P.2d 600, which is in point on the controlling issue of whether an action was commenced by plaintiff against these two defendants in Seminole County in 1956, under the facts shown by the evidence. The record shows that summons was issued on September 26, 1956, commanding the sheriff to notify the two defendant railway companies that they had been sued, by serving their registered agent in Oklahoma City. The return of the Oklahoma County sheriff is as follows:

"I received this Summons on the 1st day of October, 1956, at ——— o'clock, ———M., and executed the same in my County by ——— a true copy of the above Summons with all endorsements thereon to Atchison, Topeka and Santa Fe Railway Co., a corp., and Gulf, Colorado and Santa Fe Railway Co., a corporation."

There is no showing here as to whom the summons was served upon. There is no showing that such summons was served upon either the registered agent of the railway companies as directed in the summons or upon some other person authorized by statute to receive service of summons on behalf of the railway companies. Each railway company defendant filed a special appearance and denial of the court's jurisdiction for the reason that it could not be served with summons from Seminole County. In Myers v. Kansas, Oklahoma & Gulf Ry. Co., supra, we held that the method of getting service of summons upon railroad corporations in Oklahoma is fixed by statute [12 O.S.1961 §§ 165–168] and the method so provided is exclusive. In the cited case, as in the instant case, there was no proof that the summons was served on a person authorized to receive it on behalf of the railroad corporation. We therefore hold, as we did in the cited case, that the first action was never commenced in 1956 as to the two railway company defendants and the running of the statute of limitations was not interrupted. Thus 12 O.S.1961 § 100, has no application and the trial court properly sustained the separate demurrers to the petition of the two railway company defendants.

The same situation prevails as to the insurance carrier defendant. In the Seminole County action summons was issued to the sheriff in Oklahoma County to serve the insurance company defendant by serving the State Insurance Commissioner. The summons was served, however, upon the secretary of the State Insurance Board. This defendant filed a motion to quash summons because it was not served according to law. This was not a proper or authorized service under the statutes then in effect. 36 O.S.1951 § 101a. Therefore the Seminole County action was never commenced as against this defendant. Kelley v. Travelers Indemnity Co., 199 Okl.

151, 184 P.2d 759. The trial court properly sustained this defendant's demurrer because the statute of limitations had run.

■■ Plaintiff contends that the defendant trucking company and its employee entered their general appearance in the instant action in Creek County by filing motions and demurrers after filing their pleas to the jurisdiction and venue but before such pleas to the court's venue had been heard and ruled upon. Plaintiff cites several cases to that general effect. All those cases were decided prior to the passage of 12 O.S. 1961 § 268A. This statute specifically provides that motions to dismiss the action for improper venue may be joined with objections to defects that appear on the face of the petition, and such joinder does not constitute a waiver of the objections to jurisdiction or venue. We discussed this statute and its effect on former law in Osborn v. White Eagle Oil Company, Okl., 355 P.2d 1041. Therein we held that under 12 O.S.1961 § 268A, an objection by a nonresident defendant to the jurisdiction of the trial court over his person may be raised and preserved by objection included in the first pleading filed by him which would otherwise be a general appearance in defense and where there is no demand for affirmative relief which would invoke the jurisdition of the court. This statute and rule applies in the instant action where these two defendants [the trucking company and its employee] filed objections to the jurisdiction and venue, then later filed motions and demurrers attacking other defects appearing on the face of the plaintiff's petition.

■ The instant action was not brought in the county where these two defendants resided or may have been summoned as required by 12 O.S.1961 § 139, nor was it brought in the county where the damages or a part thereof were sustained as required by 12 O.S.1961 § 141. When the action against the railroad and insurance company defendants failed, the court had no jurisdiction over the persons of these defendants, and their pleas to the jurisdiction and venue were well taken. Therefore the trial court did not err in sustaining the demurrer of these two defendants because of lack of jurisdiction of their persons. McCall v. Duff, Okl., 385 P.2d 916; Myers v. Kansas, Oklahoma & Gulf Ry. Co., supra.

Affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.