## BLAKENEY v. FRANCIS.

No. 13197—Opinion Filed Oct. 21, 1924.

Rehearing Denied Dec. 16, 1924.

**1. Limitation of Actions — Written Contracts.**

Under the first provision of section 185, Comp. Stat. 1921, a cause of action based on a contract in writing is barred after five years from the date of its maturity.

**2. Same—"Commencement of Action"—Process.**

Under section 187, Comp. Stat. 1921, an action is deemed to be commenced on the date the summons is served, and if an effort is made to serve the summons before the time limit for bringing the action expires and such effort fails, the time is extended 60 days from the date of the attempted service, even if the 60 days extends the time beyond the bar of the statute.

**3. Same—Invoking Bar by Demurrer to Evidence.**

When the contract in writing is pleaded by the plaintiff as the basis of the action and a copy attached, the dates and provisions of which, when taken together with the filing and service of the summons, show that the action is barred by the statute of limitation, and defendant has pleaded the bar by answer, and the plaintiff fails to introduce proof to show otherwise, and defendant demurs to the evidence, the court, in considering the demurrer, will take judicial knowledge of the record, and if the same shows the action barred, the demurrer should be sustained.

(Syllabus by Threadgill, C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by J. L. Francis against R. Q. Blakeney on note and mortgage. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

B. B. Blakeney and Hubert Ambrister, for plaintiff in error.

H. L. Stuart, for defendant in error.

Opinion by THREADGILL, C. In the trial court plaintiff in error was one of the defendants and defendant in error was plaintiff, and for convenience the parties will be mentioned in this opinion as they appeared there.

Plaintiff filed his petition March 30, 1918, basing his cause of action upon a promissory note and mortgage dated April 1, 1908, and due April 1, 1913, and signed by the defendant. A summons was issued on April 1, 1913, and served by the sheriff on May 7, 1918, by delivering a copy to one Robert Q. Blakeney, mentioned in the return as a member of defendant's family over 16 years of age and at his usual place of residence. On May 24, 1919, on motion of defendant and confession of the plaintiff, this service of the summons was set aside by the court, and on the same date an alias summons was issued by the court clerk and served on the defendant personally May 24, 1919. It seems the order setting aside the service, on motion of the defendant and confession of plaintiff, was based upon the affidavit of defendant attached to his motion in which he stated that his residence at the time the pretended service was made was in Lincoln county, Okla., and that he had resided there continuously since January 25, 1918, to February 25, 1919, the date of the affidavit, and no service was ever had on him. The defendant filed his answer to the petition June 12, 1919, pleading the statute of limitation and other defenses not necessary to state for the purposes of the appeal.

The plaintiff filed his reply to the answer alleging that the defendant had been absent from the state or had concealed himself within the state for more than 14 months since the 31st day of March, 1913. On July 2, 1919, the cause was tried to the court without a jury. The plaintiff called the defendant as a witness, and the following questions were asked and answers given:

"Q. State your name to the court? A. R. Q. Blakeney. Q. Are you the defendant in this case? A. Yes. Q. Have you ever paid the note and mortgage on which this suit is based? A. No."

There are no other questions. The plaintiff then introduced the note and mortgage, without objections, and rested. The defendant demurred to the evidence on the ground that the same disclosed that plaintiff's claim was barred by the statute of limitations. The court overruled the demurrer and gave judgment for plaintiff. Defendant excepted and appealed by petition in error and case-made, urging only one assignment of error, that the court should not have overruled his demurrer to the evidence and given judgment for plaintiff.

1. This presents one question for our consideration, and that is whether or not

the action was barred by the statute of limitations.

The first provision under section 185, Comp. Stat. 1921, states the rule of limitation applicable to the case.

The section with the provision reads as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards. First. Within five years; an action upon any contract, agreement or promise in writing."

The note and mortgage as above stated were dated April 1, 1908, and due five years from date, which would be April 1, 1913, and on this date the cause of action arose. Plaintiff filed his petition in commencing the action on March 30, 1918, which was less than five years after the maturity of the note, but did not obtain service on defendant until May 24, 1919, which was six years, 1 month and 23 days from maturity of the note. If the act of filing the petition was deemed, in law, the commencement of the action, the plaintiff, in this case, would be within the time limit, but filing the petition is not the commencement of the action, but the date of service of the summons is the commencement of the action.

Section 187, Comp. Stat. 1921, provides as follows:

"An action shall be deemed commenced, within the meaning of this act, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within 60 days."

2. This statute was adopted by us from the state of Kansas, and the same statute is found in the Ohio Code of Civil Procedure, and both of those states, in construing the 60 days limitation therein provided, hold the same runs from the date of the attempted service rather than from the date when the court determines the original or attempted service defective. Baltimore & Ohio Ry Co. et al. v. Richard Collins, Administrator, 11 Ohio Cir. Ct. Dec. 334; State Ins. Co. of Des Moines v. Stoffels, 48 Kan. 205, 26 Pac. 479.

Our court has followed the same construction in the case of One Ford Automobile, etc., v. State, 63 Okla. 67, 162 Pac. 779, and the case of English v. T. H. Rogers Lumber Company, 68 Okla. 238, 173 Pac. 1046.

Under this section, we do not think plaintiff could claim any sufficient service of summons. The first summons issued was not served, as the return shows, till May 7, 1918, after time expired for commencing the action. Even if he had followed this effort, if it may be termed an effort, by obtaining service within 60 days from May 7, 1918, the action could not be termed commenced within the time limit. The 60 days is provided where the effort to obtain service is made within the time limit, and if the first effort is not within the time limit the 60 days avails nothing, but the record discloses that the first effort to obtain service was too late, and the service finally obtained was not within the 60 days from this effort, but more than a year from the expiration of the time for commencing the action.

3. But the plaintiff contends that the whole record in this case is not before us for consideration in determining this question, but only the pleadings, the evidence introduced by the plaintiff, and the demurrer to same by defendant, and since limitation was a defense that could be waived, and it was necessary for defendant to plead it in order to take advantage of it, it was also necessary for defendant to prove it to make it effective, and since defendant did not offer any proof on this issue his defense in this respect fails. We do not think this is the rule, but rather hold to the opinion that when a written contract pleaded by plaintiff and a copy attached the dates and provisions of which when taken together with the filing of the petition and the issuance and service of the summons shows that the action is barred by the statute of limitation, and the defendant has pleaded the bar by answer, and the plaintiff fails to introduce proof to show otherwise, and the defendant demurs to the evidence, that the court, in considering the demurrer, will take judicial knowledge of the record, and if the record shows the action to be barred the demurrer should be sustained. 31 Cyc. 338; Johnson v. Wynne, 64 Kan. 138, 67 Pac. 549; Smith v. Day, 64 Pac. 812; Patterson v. Thompson, 90 Fed. 647; Vanselous v. McClellan, 57 Okla. 742, 157 Pac. 923; Shaw v. Dickinson, 65 Okla. 186, 164 Pac. 1150; Torrey v. Campbell, 73 Okla. 201, 175 Pac. 524; Dielman v. Citizens' National Bank, 8 S. D. 263, 66 N. W. 311.

We think the court committed error in

overruling the demurrer to the evidence and rendering judgment for the plaintiff, and we, therefore, recommend that the cause be reversed, with directions to the trial court to set aside the judgment and grant a new trial.

By the Court: It is so ordered.