## JOHNSON et al. v. TOWN BOARD OF TRUSTEES OF ARNETT et al.

No. 19262. Opinion Filed Oct. 22, 1929.

C. B. Leedy and L. E. Moyer, Jr., for plaintiffs in error.

Perry J. Morris and T. R. Blaine, for defendants in error.

SWINDALL, J. This is an appeal from a judgment of the district court of Ellis county, Okla., in an action wherein the plaintiffs in error were plaintiffs, and the defendants in error were defendants in the court below, and they will be referred to here as plaintiffs and defendants.

The plaintiffs sought an injunction against certain of the defendants as the board of trustees of the incorporated town of Arnett, Okla., to prevent said board from disposing by sale of a certain bond issue, which plaintiffs allege to have been irregularly voted at an election in the town of Arnett, Okla., for the purpose of erecting a water plant to supply the town of Arnett with water, and another issue for the purpose of erecting a power plant to supply the town of Arnett with electricity, and a second cause of action to enjoin the county excise board of Ellis county, Okla., from making levy creating a sinking fund to retire said bonds.

A trial was had upon the issues joined upon the first cause of action, wherein the plaintiffs sought to enjoin the officers of the town of Arnett, Okla., from sale and delivery of said bonds. No trial was had under the second cause of action seeking to enjoin the county excise board of Ellis county from making such levy.

The petition was filed on August 23, 1927, and on September 2, 1927, an amended petition was filed by the plaintiffs and no summons was issued until September 6, 1927.

The bonds were approved by the Attorney General of Oklahoma as ex officio Bond Commissioner, on August 5, 1927.

The trial court denied the injunction, and among other things found that:

"The court further finds that this action was not commenced for more than 30 days after the approval of the bonds by the Attorney General; that the action now sought to be maintained is barred by the statute of limitations, section 4284, C. O. S. 1921, prohibiting actions to be brought after the approval of the Attorney General where the action was not brought within 30 days of such approval."

The court also found that the members of the board of trustees of the incorporated town were de facto officers.

The first proposition urged by counsel for plaintiffs is that the court erred in finding and holding that the action was not commenced until after the expiration of 30 days from the approval of the bonds by the Attorney General, as Bond Commissioner, and was therefore barred by the statute of limitation.

Numerous other errors are assigned by the plaintiffs, but if the action was not commenced within the time limit as provided in section 4284, C. O. S. 1921, it would be useless for the court to spend further time in passing upon the other assignments of error.

It is admitted that the petition was filed on August 23, 1927, and that the bonds were approved by the Attorney General, as Bond Commissioner, on August 5, 1927, and that the summons was not served on any of the defendants until September 6, 1927.

In Blakeney v. Francis, 105 Okla. 11, 231 Pac. 464, this court held that:

"Under section 187, C. O. S. 1921, an action is deemed to be commenced on the date the summons is served, and if an effort is made to serve the summons before the time limit for bringing an action expires and such effort fails, the time is extended 60 days from the date of the attempted service, even if the 60 days extends the time beyond the bar of the statute."

In this case there was no effort made to issue a summons or serve a summons before the time limit for bringing the action expired, and we are of the opinion that the trial court was correct in ruling and holding that bonds were incontestable for the reason that the action was not brought within 30 days after they were approved by the Attorney General, as Bond Commissioner.

Section 4284, C. O. S. 1921, provides that:

"It shall be the duty of the Bond Commissioner to prepare uniform forms and prescribe a method of procedure under the laws of the state in all cases where it is desired to issue public securities or bonds, in any county, township, municipality or political

or other subdivisions thereof; and it shall be the further duty of said Bond Commissioner to examine into and pass upon any security so issued, and such security, when declared by the certificate of said Bond Commissioner, to be issued in accordance with the forms of procedure so provided, shall be incontestable in any court in the state of Oklahoma, unless suit thereon shall be brought in a court having jurisdiction of the same within 30 days from the date of the approval thereof by the Bond Commissioner."

In the case of Board of Commissioners of Rogers County v. Bristow Battery Co. et al., 28 Fed. Rep. (2nd Series) 195, the federal court says:

"Taxpayer's action to enjoin collection of taxes to pay interest and create sinking fund to pay principal of city bonds, on ground that bonds are illegal, constitutes attack on validity of bonds, and holder thereof is entitled to avail himself of special limitation prescribed by Comp. St. Okla. 1921, sec. 4284, making municipal bonds issued in compliance with statutory provisions incontestable, unless suit thereon is brought within 30 days after approval thereof by Attorney General, as Bond Commissioner."

We hold that the trial court was correct in finding and holding that plaintiffs' action, not having been commenced within 30 days after date of approval of the bonds in question by the Attorney General, as Bond Commissioner, was barred by the special statute of limitation.

Judgment of the district court of Ellis county is therefore affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur.

Note.—See under (1) 17 R. C. L. p. 811; 4 R. C. L. Supp. p. 1156. See "Actions," 1 C. J. §406, p. 1157, n. 75. "Limitations of Actions," 37 C. J. §489, p. 1061, n. 12. "Municipal Corporations," 44 C. J. 4600, p. 1422, n. 78.