## COWLEY-LANTER LBR. CO. v. DOW.

No. 19486.    Opinion Filed May 26, 1931.

Rehearing Denied June 30, 1931.

L. L. Cowley, for plaintiff in error.

Rogers, Jones & Landa, for defendant in error.

RILEY, J.  The parties are in the same relation as in the trial court, and will be so referred to herein.

This is an appeal from an order sustaining a special demurrer to the amended petition of plaintiff. The special ground stated in the demurrer is that the amended petition shows upon its face that the action is barred by the statute of limitation.

It is conceded that the action is one that must be commenced within three years after the cause of action accrued.

It seems to be conceded, at least it is not denied, that plaintiff's cause of action, if any it had, accrued on the 23rd day of April, 1924.

On March 21, 1927, the plaintiff filed its petition in the district court of Tulsa county, together with a praecipe for summons. On the same day, the court clerk issued a summons, regular in form, except that the summons proper was not signed by the clerk or his deputy. The indorsement, required by section 233, C. O. S. 1921, of the amount for which judgment would be taken if the defendant fail to appear, was signed by the clerk. This writ was duly served upon defendant on March 23, 1927, and return made and filed March 24th.

On April 20, 1927, defendant filed his special appearance and motion to quash the summons and purported service thereof. On May 28, 1927, plaintiff appeared and confessed the motion to quash, and on the same date caused an alias summons to issue, which was regular in form and was duly served on defendant on the 3rd day of June, 1927, and return made on June 4th. On June 24th, the demurrer was filed, the special grounds being stated as follows:

"Said defendant further demurs specially to the said petition for the reason and on the ground that the said petition shows on its face that the purported cause of action therein attempted to be stated as against this defendant did not arise within three years next preceding the commencement of this action."

Thereafter an amended petition was filed in substance the same as the original, and in addition thereto set out in detail the proceeding had in an action attempted to

be commenced upon substantially the same alleged indebtedness, in the district court of Okfuskee county, on January 23, 1924, where an attempt was made to attach defendant's property and obtain service by publication.

A special appearance and motion to quash was filed therein and overruled, and judgment had for plaintiff. The case was appealed and reversed for want of service. (Dow v. Cowley-Frye Lbr. Co., 119 Okla. 60, 247 Pac. 1109.) Mandate was filed in the district court of Okfuskee county July 21, 1926. That said cause in Okfuskee county was thereafter dismissed without prejudice. The date of such dismissal is not shown. After the amendment the demurrer was considered refiled, and sustained, and the cause dismissed. From this order, plaintiff appeals.

There are two assignments of error, but they are presented together, as error in sustaining the special demurrer.

The action is for the recovery of rent under an oral contract, and, as before stated, it appears conceded that the last day upon which an action could be commenced within the statute of limitation was April 23, 1927.

Plaintiff first contends that its action was commenced on March 21, 1927, when it filed its petition and praecipe for summons, and the defective summons was issued and afterwards served upon defendant.

Section 231, C. O. S. 1921, provides:

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

And in Montgomery v. Hogan, 76 Okla. 243, 185 Pac. 81, it was held:

"In general a civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

For the purpose of imparting notice, a cause is pending from the time the petition is filed, but notice thereby given is of no avail unless summons be served or the first publication made within 60 days after the filing of the petition. Section 260, Comp. St. 1921.

With reference to the statute of limitation still another rule applies.

Section 187, C. O. S. 1921, provides:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly, and diligently endeavors to procure a service; but such attempt must be followed by the first publication of service of the summons within 60 days."

These sections were all adopted from the state of Kansas, and the latter section has been construed in that state a number of times. In German Ins. Co. v. Wright (Kan. App.) 49 Pac. 704, it was held:

"Where an attempt is made to commence an action on January 29, 1891, by filing a petition in the district court, and causing the issuance of a summons thereon, the service of which is afterwards set aside, and where an alias summons is issued on February 12th, and properly served February 14, 1891, held that, under paragraph 4097 of the General Statutes of 1889, the action shall be deemed to have been commenced on said January 29th."

This upon the ground that actual service was had within the 60 days.

In Ins. Co. v. Stoffel, 48 Kan. 205, 29 Pac. 479, where a summons and service thereof were set aside, and no new service was had within the 60 days, and in the meantime the statute of limitation had run against plaintiff's cause of action, the action was held to have been commenced too late. Therefore plaintiff's action would have been commenced in time had service been had within 60 days after the filing of the petition. This section has been held to define the time of commencement of an action with relation to the statute of limitation and is expressly limited to that statute, in Kelly-Goodfellow Shoe Co. v. Todd, 5 Okla. 360, 49 Pac. 53.

It will thus be seen that for certain purposes there are three different times or periods when action may be deemed to have been commenced.

(1) Generally, under section 231, supra, when the petition is filed and a summons is caused to be issued.

(2) Under section 260, for the purpose of imparting notice of the pendency of the action, so as to prevent third persons from acquiring an interest in the subject-matter of the action, when the petition is filed, provided summons be served or the first publication be made within 60 days thereafter; and

(3) With reference to the running of

the statute of limitation, when the summons is served on each defendant, as of the date of the summons which is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him; provided, that an attempt to commence the action is equivalent to the commencement thereof, if the party faithfully, properly, and diligently endeavors to procure service, and actually follows the attempt by procuring service or making the first publication within 60 days thereafter.

If this be done, the action is commenced within time (provided service is thereafter had within 60 days). Blakeney v. Francis, 105 Okla. 11, 231 Pac. 464.

In the instant case, this section was not complied with. The petition was filed and an attempt to obtain service was made, but failed. Service was not actually had until 73 days thereafter, and in the meantime, April 23, 1927, the bar of the statute became complete. In Blakeney v. Francis, 105 Okla. 11, 231 Pac. 464, it was said:

"This statute was adopted by us from the state of Kansas, and the same statute is found in the Ohio Code of Civil Procedure, and both of those states, in construing the 60 days limitation therein provided, hold the same runs from the date of the attempted service rather than from the date when the court determines the original or attempted service defective."

The 60 days began to run from the date of the attempted service and not from the date when plaintiff confessed that the service was defective. Plaintiff contends that it ought not be found by this rule for the reason that it could not obtain an alias summons while the motion to quash the original summons and service thereof was pending, and in this connection cites Oklahoma State Bank v. Reed, 121 Okla. 103, 247 Pac. 402. That case is not in point. Therein, the plaintiff attempted to bring a defendant into court in a county other than his residence, contrary to the provision of section 234, C. O. S. 1921, by having a summons sufficient in form issued from the county where the petition was filed, and served upon him in the county of his residence, and while defendant was in the county consulting his attorney relative to the suit plaintiff attempted to obtain jurisdiction of his person by having an alias issued and served upon defendant in the county where the petition was filed. It was held that this could not be done.

Here plaintiff's attention was called to the defective service by the motion to quash filed before bar of the statute had become complete and long before the expiration of the 60 days allowed to obtain proper service. Plaintiff could have then confessed the motion and had alias summons issued and properly served in time. It failed to do so, but chose to wait until after the expiration of the 60 days and then confessed the motion, which was equivalent to admitting that no service was had on the original summons. It was plaintiff's own fault that the 60 days expired before service of summons was had.

Plaintiff suggests that the original summons was sufficient in form, but we are not here called upon to pass upon the validity of the original summons, because plaintiff admits in its brief that the validity of the original summons is not before this court. It could not be for the reason that plaintiff confessed the motion to quash.

Plaintiff next contends that the action of the lower court on May 28th, when the motion to quash service of summons was confessed, was not a decision on the merits, and that the provision of section 190, C. O. S. 1921, applies, and that plaintiff had one year thereafter to commence a new action and that the procurement of the alias summons was equivalent to the commencement of a new action.

We think section 190, supra, is directly against plaintiff's contention. It provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, * * * may commence a new action within one year after the reversal or failure."

As pointed out herein, the action was not commenced in due time, in that no service of summons was had within the period of limitation as extended by the 60-day provision of section 187, supra.

Plaintiff in support of its contention in this regard cites Clause v. Columbia Sav. & Loan Ass'n (Wyo.) 95 Pac. 54. That case appears to support plaintiff's contention, except that therein it was held that service was obtained upon the summons first issued; while here it is confessed that no service was had. The same case was cited and relied upon in Brock v. Frances, 89 Kan. 463, 131 Pac. 1179, involving the identical question involved herein. Every contention made by plaintiff in this regard is fully answered in that case, where it was held that Clause v. Columbia Sav. & Loan Ass'n, supra, was not controlling. It was there held:

"An injury occurred May 11, 1904. A

petition in an action to recover damages was filed May 9, 1906, and a summons issued on that day was served May 11th; answer day being June 8th. June 7th, the defendant filed a motion to set aside the service on the grounds that no summons had been issued and served as required by law, and that the pretended summons was void. July 7th this motion was confessed. Alias summons was issued October 1st, but service was not had until October 10th. Held, that the action was not begun until the date of the last-mentioned summons. * * *"

In the body of the opinion, after citing a number of Kansas cases, it was said:

"It would seem from these decisions to be the settled construction of the statute in question that when 'the petition and summons are filed and issued in time, and the service is set aside, it is necessary that proper service must be made within 60 days in order for the action to be deemed begun when the petition was filed. The plaintiff was required to bring his action within two years from the time his cause of action accrued. Civil Code sec. 17, subdivision 3 (Gen. St. 1909, sec. 5610). Section 19 fixes the time when such action shall be deemed to have been begun, and, if not begun in the time prescribed, the defendant may rightfully interpose the bar of the statute."

It appears clear, therefore, that the action was not commenced as to defendant Dow, within the meaning of article 2 of ch. 3, C. O. S. 1921 (secs. 181-192), on limitation of actions, and particularly section 187, C. O. S. 1921, until service of summons upon him on June 3, 1927, and that under the pleadings and conceded facts the cause of action was then barred.

The judgment is affirmed.

HEFNER, ANDREWS, SWINDALL, and McNEILL, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent, not participating.