FITZSIMMONS et al. v. RAUCH.

No. 32131. Sept. 17, 1946.

172 P. 2d 633.

George A. Fitzsimmons, of Oklahoma City, for plaintiffs in error.

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for defendant in error.

HURST, V. C. J. This is an action to recover real property sold for taxes. Under 12 O.S. 1941 § 93, subsection 3, such an action must be brought "within two years after the date of recording the tax deed". The first question for decision is whether the action was commenced within such time.

The facts are not in dispute. Plaintiff's deed was recorded on June 8, 1942, and he filed his petition herein, and caused summons to be issued thereon, on June 7, 1944, one day before the last day of the statutory period. Actual service, however, was not obtained upon any of the defendants until after the expiration of such period. Service was had on defendant board of county commissioners of Oklahoma county (which has not appealed) on June 9, 1944, on defendant George A. Fitzsimmons on June 10, 1944, and on defendant Mamie C. Goddard on June 14, 1944. The court held that the action was timely commenced, and defendants Fitzsimmons and Goddard appeal.

1. Defendants urge that for the purpose of computing the statute of limitations, an action is not commenced until the date the defendants are actually served with summons. The matter is governed by 12 O.S. 1941 § 97, which provides:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

We are of the opinion that the statute may not be given the construction appellants contend for. The statute does not provide that the action shall be deemed to be commenced on the date the summons is served on the defendant, but rather that it shall be deemed to

be commenced "on the date *of* the summons which is served on him." 12 O.S. 1941 § 153 provides that a summons shall be dated the day it is issued, and, plainly, such date is the "date of the summons." In the instant case, the summons was issued on June 7, 1944, and dated that day. Although defendants were not served until several days later, the "date of the summons which was served on" them was nevertheless June 7, 1944, and the action must be held to have been commenced on that date.

In addition to the plain language of the statute there are other compelling reasons for our holding that the commencement of the action relates back to the date of the issuance of the summons. If the rule were otherwise, decision as to whether the action should be commenced within the statutory time (in cases like this) would rest, not with the plaintiff, but with the sheriff, for the matter would depend upon when, during the ten days allotted him, he chose to make service. This is contrary to the policy of the law as expressed in other statutes relating to the commencement of actions. As we pointed out in Cowley-Lanter Lumber Co. v. Dow, 150 Okla. 150, 300 P. 781, actions are generally deemed to be commenced, under 12 O.S. 1941 § 151, when the petition is filed and a summons caused to be issued thereon, and under 12 O.S. 1941 § 180 actions are deemed commenced for the purpose of imparting lis pendens notice when the petition is filed, provided summons is served or publication commenced within 60 days thereafter. Under both these sections the commencement of the action is dependent upon acts entirely within the power of plaintiff to perform, and we think the Legislature did not intend a different result under section 97.

Furthermore, the construction contended for by defendants would render meaningless the provision that an attempt to commence an action shall be deemed equivalent to the commencement thereof provided service is actually had or publication commenced within 60 days thereafter. This can best be demonstrated by assuming that in the instant case the summons, issued on June 7, 1944, prior to the running of the statute, had been returned "not found". In such case plaintiff would have had an additional 60 days to obtain service or commence publication, and the commencement of the action would have related back to the date of the issuance of the summons. German Insurance Co. v. Wright, 6 Kan. App. 611, 49 P. 704. We think it clear that the Legislature did not intend that the plaintiff should be deprived of the right to make service after the expiration of the statutory period, simply because the sheriff was successful in his first attempt to obtain service.

Defendants rely upon Blakeney v. Francis, 105 Okla. 11, 231 P. 464, and English v. Rogers Lumber Co., 68 Okla. 238, 173 P. 1046. In the Blakeney Case actual service of summons was not had until more than 60 days after the date of the issuance of the summons and our holding that the action was not commenced within the statutory period is plainly correct. There is language in the case, however, which implies that an action is to be deemed commenced under section 97 on the date the summons is served rather than on the date the summons is issued, and that an "effort" to obtain service of summons, within the meaning of the section, is not made until the day the sheriff actually attempts to make the service. Such language, insofar as it conflicts with what we say here, is disapproved. In the English case, service was likewise not obtained until more than 60 days after the issuance of the summons. Defendant relies upon our statement that "until the service of a summons on her as required by statute, the action as to her was not deemed to have been commenced." The context, however, makes it clear that if service had been obtained within 60 days of the issuance of the first summons, the commencement of the action would have related back to such date.

2. Appellants next urge that service upon them was made after the sheriff

428

had made his return of the summons and was hence void for every purpose. A photostatic copy of the summons and returns is before us. The return as to service on the board of county commissioners is made on the form generally used in making returns of service on corporations, is stapled to the summons, and reads as follows:

"State of Oklahoma,
Oklahoma County, ss:

### "Sheriff's Return

"Received this *writ* this *7 day of June, 1944,* and executed the same in my County, by *serving* the within named defendant, as follows, to wit: *Board of County Commissioners of the County of Okla. State of Oklahoma* on the *9th* day of *June, 1944,* by delivering a true and *correct* copy hereof, with endorsements thereon, to *Helen Nix* she being the *County Clerk of Oklahoma County, State of Oklahoma.*

"Dated the 9th day of June, 1944
"George Goff, Sheriff By *Wm. H. Ridge,* Deputy."

The return as to defendants Fitzsimmons and Goddard is on the space provided therefor on the back of the summons and reads as follows:

*"State of Oklahoma,
Oklahoma County, ss.*

"Received this writ *June 7, 1944,* and as commanded therein, I summoned the following persons of the defendant within named at the time and on the dates following, to wit: *George A. Fitzsimmon 6/10/44* by delivering to each of said defendant personally in said county, a true and certified copy of the within summons, with all the endorsements thereon. *Mrs. Mamie C. Goddard, formerly Mamie C. Fitzsimmons 6/14/44* by leaving for each of said defendant at the usual place of residence of each in said County, a true and certified copy of the within summons with *Mr. Goddard (husband)* a member of *her* family above the age of 15 years, with all endorsements thereon. The following persons of the defendant within named not found in said county:

-----------------------------------------------------.

*"George Goff,* Sheriff, by *Wm. H. Ridge,* Deputy.

Note: The portions of the two returns in italics were blanks filled in by the officer.

The summons with the returns thereon were not filed by the sheriff in the office of the court clerk until June 16, 1944.

Defendants insist that since that part of the return relating to service on the board of county commissioners bears the date of June 9, 1944, we must conclusively presume that the sheriff returned the summons on that date, and thereafter reobtained possession of the summons, and served the remaining defendants. We do not agree.

It is a matter of common knowledge that in Oklahoma the space provided for the sheriff's return on the back of the usual summons is applicable to individual defendants, and that returns showing service on corporations are made on a printed form provided for that purpose and stapled onto the summons. It is obvious that the deputy sheriff served the board of county commissioners on June 9, 1944, and made out a return on the corporate form and attached it to the summons on that date. Thereafter, he served the individual defendants and made his return in regard thereto on the regular space provided on the back of the summons.

It was not until June 16, 1944, after service was had on all the defendants, that he filed the return with the court clerk and we think this must be deemed the date of the return. It is true that a part of the return bears the date of June 9th, but this was a mere clerical error which might have been amended under 12 O.S. 1941 § 317, and will be deemed amended to speak the truth. See Texas Title Guaranty Co. v. Mardis, 186 Okla. 433, 98 P. 2d 593. And the general rule is that the date of a return may be corrected to speak the truth. 42 Am. Jur. 114.

12 O.S. 1941 § 78 provides that no judgment shall be reversed for defects in the proceedings not affecting the substantial rights of the adverse party. It

is clear that the clerical error of the deputy sheriff in dating the return affected no rights of the defendants, and we therefore decline to reverse the case for such error.

Affirmed.

GIBSON, C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.