MYERS v. KANSAS, O. & G. RY. CO. et al.

No. 33137. Nov. 9, 1948.

*199 P. 2d 600.*

Claud Briggs and James R. Eagleton, both of Oklahoma City, for plaintiff in error.

W. R. Banker and A. Camp Bonds, both of Muskogee, for defendants in error Muskogee Transfer & Storage Company and Ewell Ennis.

Charles P. Gotwals and James D. Gibson, both of Muskogee, for defend-

ant in error Kansas, Oklahoma & Gulf Railway Company.

LUTTRELL, J. Plaintiff, C. E. Myers, on September 15, 1944, filed an action to recover damages for personal injuries sustained by him on October 23, 1942. In that action Midland Valley Railroad Company and the defendants in the present action, Kansas, Oklahoma & Gulf Railway Company, Muskogee Transfer & Storage Company, and Ewell Ennis, were defendants. Although all the defendants in that action, as well as plaintiff, were residents of Muskogee county, in which county the railroads had their offices and principal place of business, and although the accident occurred in that county, plaintiff filed an action in the district court of Coal county, through which county the railroad line of defendant Kansas, Oklahoma & Gulf Railway Company extended. Summons in that action was served upon the agent of the Oklahoma City-Ada-Atoka Railway Company, who was not the agent of the Kansas, Oklahoma & Gulf Railway Company. Summons apparently was served in Muskogee county upon the other defendants. In due time the Kansas, Oklahoma & Gulf filed a special appearance and motion to quash the service of summons thereof, and the Midland Valley Railroad Company removed the case to the United States District Court. Plaintiff filed a motion to remand in that court, which was presented on March 5, 1945, taken under advisement until May 4, 1945, and denied. The motion to quash service of summons filed by Kansas, Oklahoma & Gulf was never heard, but upon the denial of his motion to remand, plaintiff dismissed that action.

Thereafter, on June 15, 1945, plaintiff filed the present action against the same defendants as in the former action, except Midland Valley Railroad Company, in the district court of Coal county. Summons was served upon Kansas, Oklahoma & Gulf Railroad Company in Coal county, and upon the defendants Muskogee Transfer & Stor-

age Company and Ewell Ennis in Muskogee county. After its motion to quash the service of summons had been overruled, Kansas, Oklahoma & Gulf filed a demurrer to plaintiff's petition, and a plea to the jurisdiction of the court on the ground that in the former action there had been no service of summons upon it; that for that reason the former action was never commenced as to it and the statute of limitations had barred plaintiff's claim. This demurrer and plea to the jurisdiction was sustained by the trial court on January 9, 1947, and thereupon the other defendants, residents of Muskogee county, filed their motion to dismiss for want of venue, showing that the action was transitory; that the tort therein alleged was committed wholly in Muskogee county; that both plaintiff and defendants were residents of Muskogee county, and that the action having been dismissed as to Kansas, Oklahoma & Gulf Railroad Company, there was a want of venue in the district court of Coal county in that defendants were entitled to be sued in the county of their residence. This motion was by the district court of Coal county sustained. Plaintiff appeals from the two order dismissing his action as to all defendants.

Plaintiff first contends that he was entitled to maintain the second action under the provisions of 12 O. S. 1941 §100, which permits the institution of a new action within a year after any action commenced within due time fails otherwise than upon the merits. In support of this contention he cited Meshek v. Cordes, 164 Okla. 40, 22 P. 2d 921; Edmison v. Crutsinger, 165 Okla. 252, 25 P. 2d 1103. He urges that the statute should be liberally construed; that he did everything in his power to procure service of summons, and that the failure to serve the defendant Kansas, Oklahoma & Gulf Railroad Company was due to the fault of the sheriff, and not his fault, and that the trial court erred in sustaining the plea to the jurisdiction filed by the Railroad Company, and the motion to dismiss for

want of venue filed by the other defendants. We are unable to agree with this contention.

12 O.S. 1941 §97 provides that "an action shall be deemed commenced within the meaning of this article as to each defendant at the date of the summons which is served on him, or on a codefendant, who is a joint contractor, or otherwise united in interest with him". It further provides that an attempt to commence an action shall be equivalent to the commencement thereof when the attempt results in the service of summons, or the first publication of notice by publication within 60 days. The right given by section 100 is expressly bottomed upon the proposition that the first action be commenced, as provided in section 97, within due time. In the cases cited by plaintiff it appears that the action was in fact commenced; that summons was served upon the defendants, and that either because of some defect therein, or because of lack of jurisdiction, the case was dismissed. We held that such dismissal was a failure otherwise than upon the merits, and that plaintiff in such case could commence a new action within the time limited by section 100, supra.

In Morrissey v. Hurst, 107 Okla. 1, 229 P. 431, we specifically held that the saving provisions of section 100, supra, had no application where the steps taken in the original action were insufficient to commence the action. In that case no service of summons was had upon the defendants in the first action, and after judgment had been obtained by plaintiff it was vacated on motion of the defendants, and a showing by them that they had not been served, and alias summons issued and was served upon them. The statute of limitations had run before the service of the last summons, and the defendants pleaded the statute and judgment was rendered in their favor. In that case we said:

"The saving provision of section 190, Comp. Stat. 1921, which provides that where an action is commenced within due time, and the plaintiff fails in said action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff may commence a new action within one year after such failure, has no application where the steps taken in the original action were insufficient to commence the action."

We have held in a number of cases that an action is not commenced unless summons is served, or the attempt to procure service is followed by procuring service, or making the first publication of notice by publication as provided by section 97, supra. See Cowley-Lanter Lumber Co. v. Dow, 150 Okla. 150, 300 P. 781; Blakeney v. Francis, 105 Okla. 11, 231 P. 464. Our statute was adopted from Kansas, and the Kansas courts have been consistent in holding that an action must be commenced in accordance with the provisions of section 97 in order to enable plaintiff to avail himself of the saving provisions of section 100, supra. O'Neil v. Eppler (Kan.) 162 P. 311; Vann v. Missouri, K. & T. Ry. Co. (Kan.) 205 P. 607.

In the last cited case the facts were somewhat similar to those in the case at bar. In the first action brought against the railroad company service was had, not upon an agent of the defendant company, but upon the agent of a receiver who was in possession of and operating the railroad. That service upon appeal was held invalid and the defendant began a new action within a year from the final determination of that case. Section 19 of the Kansas Code of Civil Procedure was identical with 12 O.S. 1941 §97, and section 22 of the Civil Code of Kansas was identical with 12 O.S. 1941 §100. In that case the court held that the service of summons in the first action was not a commencement of the action within the provisions of section 19, since it was not had upon the railroad, but upon the receiver, and that the first action had never in fact been commenced. It held that the filing of the action without service of summons did not interrupt

the running of the statute of limitation. It then said:

"A service upon one not authorized to receive it does not interrupt the statute. The saving provision of section 22 proceeds on the theory that an action has been actually commenced which has resulted in a judgment that has been reversed or in which plaintiff has failed otherwise than on the merits. Where the steps first taken do not initiate an action, there is nothing to save under section 22, and here the statute continued to run until the bar had fallen."

Plaintiff in the instant case contends that he used all due diligence in attempting to make service, and that for various reasons this court should hold that service upon the agent of the Oklahoma-Ada-Atoka-Company was equivalent to service upon the Kansas, Oklahoma & Gulf. But this we may not do. 12 O.S. 1941 §§165 to 168, inclusive, provides for service upon railroad companies, and in Hilliard v. St. Louis & S. F. R. Co., 98 Okla. 22, 223 P. 877, we held that the method provided by statute was exclusive. We therefore hold that the first action was never commenced as to the railroad company, and did not interrupt the running of the statute of limitations, and that the trial court did not err in sustaining its plea to the jurisdiction of the court.

The action having failed as to the railroad company, it necessarily failed as to the other defendants, residents of Muskogee county, who, under the provisions of 12 O.S. 1941 §139, were entitled to be sued in the county where they resided. The action of the court in sustaining the plea to the jurisdiction filed by the railroad company divested that court of further jurisdiction over the other defendants. Fisher v.. Fiske, 96 Okla. 36, 219 P. 683; Stumpf v. Pederson, 176 Okla. 136, 54 P. 2d 1035; Bearman v. Hunt, 68 Okla. 96, 171 P. 1124.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. ARNOLD, J., dissents.