**Mary Ruth MOORE, Appellant,**

v.

**William Bell DUNHAM, Appellee**
(two cases).

**Nos. 5410, 5411.**

United States Court of Appeals
Tenth Circuit.

Dec. 24, 1956.

Rehearing Denied Feb. 7, 1957.

Dan M. Welch, Oklahoma City, Okl. (Lee Welch, Antlers, Okl., on the brief), for appellant.

Lon Kile, Hugo, Okl., for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

MURRAH, Circuit Judge.

This is a consolidated appeal from the Eastern District of Oklahoma from judgments dismissing one wrongful death action for defective service of process under the Nonresident Motorist Act of Oklahoma, 47 O.S.A. § 391 et seq., and another such action because of the bar of the statute of limitations.

Oklahoma's Nonresident Motorist Act provides for the service of summons on a nonresident motorist defendant by serving a copy of the original summons or notice of suit with the Secretary of State, 47 O.S.A. § 394(a), and by mailing notification of suit to the defendant by restricted registered mail at his last known residence or place of abode, within ten days after serving notice on the Secretary of State. 47 O.S.A. § 394(b). A return receipt is required, 47 O.S.A. § 396, which shall be filed with the Clerk of the district court in which the action is brought. 47 O.S.A. § 398.

Upon filing her action in the state district court of Pushmataha County, Oklahoma, for the wrongful death of her husband in an automobile accident, the appellant sought service of process upon the appellee, a member of the United States Army, by serving a copy of the original summons with the required fee on the Secretary of State of Oklahoma and by mailing a copy of the summons by restricted registered mail to the appellee's last known address, thought to be "Route 4, Morganfield, Union County, Kentucky". A return receipt was never received by the appellant nor is one a part of this record. In further attempts to effect service, the appellant mailed a copy of the summons to the appellee in care of his parents who resided in Pushmataha County with a request to "please forward if necessary".

An attorney representing the appellee subsequently removed the action to the federal district court, made a demand for a jury trial and requested a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix, § 501 et seq. Subsequently, the appellee moved to dismiss for want of service of process. In the supporting affidavits, the appellee stated that although a resident of Louisville, Kentucky, at all times in question, he never received the summons sent by restricted registered mail.

In dismissing the action, the trial court took the view that appellant's failure to receive and file with the clerk of the court the return receipt of the registered notification provided in Sections 394(b) and 398 deprived the service of process of its validity. In other words, the trial court construed this pertinent part of the statute to require the actual receipt of the registered notification by the non-resident defendant as evidenced by the return receipt filed with the clerk of the district court where the action is commenced. In so construing the statute, the court followed the recent case of Hicks v. Hamilton, Okl., 283 P.2d 1115, in which the Oklahoma Supreme Court emphasized the necessity of strict compliance with the statute, and held that a return receipt unsigned by the addressee was insufficient to effect valid constructive service. We agree with the trial court that these facts are ruled by the Hicks case.

In the alternative, the appellant seeks to avoid the statutory requirements for service by suggesting that demand for a jury trial and request for a stay of proceedings following appearance and removal to federal district court were defensive pleadings under Rule 12, Fed. Rules Civ.Proc. 28 U.S.C.A., and that failure to join his motion to dismiss therewith constituted a waiver of defective service.

█ █ The avowed purpose of Rule 12 is to require a defendant to plead all of his available defenses at the risk of waiving them. See Moore's Federal Practice, Vol. 2, § 12.02 at page 2219. Although the appellee states that his demand for a jury was made after removal under Rule 81(c), that rule provides for such demand only "if at the time of removal all necessary pleadings have been served." Since no answer had been served before removal and at the time of demand, the demand could not have been cognizable under Rule 81(c). Rule 81(c) does, however, provide that the Rules of Civil Procedure shall be applicable to all removed cases, and the demand was therefore cognizable under Rule 38 which vouchsafes the right to trial by jury in accordance with the procedural steps outlined therein. See Moore's Federal Practice, Vol. 5, § 38.39(3), at page 319. But there is nothing in Rules 12, 38 or 81(c) to indicate that a demand for a jury trial after removal is to be considered as Rule 12 defensive matter. Appellant has cited no supporting authority and we have found none. Nor. do we think that a request for a stay of the proceedings under the Soldiers' and Sailors' Civil Relief Act can be said to be a defense required to be filed under Rule 12. And see Parker v. Transcontinental & Western Air, Inc., D.C., 4 F.R.D. 325; Moore's Federal Practice, Vol. 2, § 12.07(3). It follows that the appellee did not waive his motion to dismiss by failure to join it with the prior pleadings. We agree with the trial court that the motion to dismiss was timely and well taken.

█ Shortly after the dismissal of the first claim, appellant filed a second wrongful death claim against the same defendant, alleging the same facts. And, Section 100 of Title 12 O.S.A. provides in material part that "if any action be commenced within due time, and * * * if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff * * * may commence a new action within one year after the reversal or failure."

The trial court sustained a motion to dismiss this subsequent action on the grounds that the first claim was not "commenced within due time" as contemplated by Section 100. And, since "the time limited for the same" had expired, i. e., the two-year statute of limitations, the claim was not maintainable.

The Oklahoma courts have held that the "right given by section 100 is expressly bottomed upon the proposition that the first action be commenced, as provided in section 97, within due time." Myers v. Kansas, Okla. & Gulf Ry. Co., 200 Okl. 676, 199 P.2d 600, 601; 23 A.L.R.2d 283. And, Section 97 provides that "An action shall be deemed commenced * * * as to each defendant, at the date of the summons which is served on him." See also Fitzsimmons v. Rauch, 197 Okl. 426, 172 P.2d 633. Defective service fails to meet the requirements of the statute. Myers v. Kansas, Okla. & Gulf Ry. Co., supra; Cowley-Lanter Lumber Co. v. Dow, 150 Okl. 150, 300 P. 781; Blakeney v. Francis, 105 Okl. 11, 231 P. 464.

Section 97 also provides that "An attempt to commence an action shall be deemed equivalent to * * * commencement * * * when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days." See also Bankers' Mortgage Co. v. Leisure, 172 Okl. 170, 42 P.2d 863. Admittedly, there was no attempted service within the meaning of Section 97. Having thus failed to com-

mence her action within due time, the extension granted under Section 100 never became operative. The appellant is barred, therefore, from bringing her second claim unless, as she alternatively contends, the two-year statute of limitations was suspended during the absence of the defendant-appellee from the state.

Section 98 of Title 12 O.S.A. provides in pertinent part that " * * * if, after the cause of action accrues, [the defendant] depart from the State * *, the time of his absence * * * shall not be computed as any part of the period within which the action must be brought."

Oklahoma courts have not construed Section 98 in connection with the provisions for service of process under the Nonresident Motorist Act. But the majority, and we think the better reasoned view, holds that provisions for substituted service of process upon a state official arising out of motor accidents within the state has the effect of nullifying any statute suspending the period of limitations. See Annotations 17 A.L.R.2d 516; 119 A.L.R. 859; 94 A.L.R. 485; Kokenge v. Holthaus, Iowa, 52 N.W.2d 711; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17. Such view is said to be consistent with the purpose of substituted service, i. e. expeditious adjudication of the rights of the parties; that by creating substituted service, the legislature obviously intended to provide an exception to the suspension provisions; and that a contrary conclusion would permit a plaintiff to defer the institution of his action indefinitely to the prejudice of the defendant. See 119 A.L.R. at page 860.

While there are contrary views, see Bode v. Flynn, 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480; Maguire v. Yellow Taxi Corp., 253 App.Div. 249, 1 N.Y. S.2d 749, we apprehend that the Oklahoma courts will follow the majority. Certainly, we should not be disposed to reverse the distinguished trial court's interpretation of the state statute in the face of the prevailing rule. The judgment is affirmed.