Dewey A. HUNT, Sr., Individually and as personal representative of Altha H. Hunt, Deceased, Plaintiff-Appellant,

v.

BROCE CONSTRUCTION, INC., a domestic corporation, Defendant-Appellee.

No. 79–2299.

United States Court of Appeals, Tenth Circuit.

April 9, 1982.

Clifton D. Naifeh of Berry & Berry, Oklahoma City, Okl., for plaintiff-appellant.

Curtis L. Smith of Baker, Baker & Wilson, Oklahoma City, Okl., for defendant-appellee.

Before BARRETT and LOGAN, Circuit Judges, and KERR,* District Judge.

LOGAN, Circuit Judge.

Dewey A. Hunt, Sr. appeals the trial court's dismissal, as barred by Oklahoma's statute of limitations, of his diversity action brought to recover for personal injuries Hunt and his deceased wife suffered because of a highway construction company's alleged negligence. Because of a confusion of names, Hunt allowed more than two years to elapse between the date of the accident and the dates he amended his complaint to correctly name the defendant and served the proper representative of that defendant.

Hunt filed his complaint in an Oklahoma federal district court on August 29, 1979, naming as one of the defendants "Broce Construction, Inc., a domestic corporation." No company with that name exists in Oklahoma, although there is a Broce Construction Company, Inc. (Broce of Kan.), which is a Kansas corporation qualified to do business in Oklahoma, and a Broce Construction Co. of Okla., Inc. (Broce of Okla.), which is an Oklahoma corporation.[1] The complaint described in some detail an accident occurring on an Oklahoma portion of Interstate 35 where Broce of Okla. was engaged in a highway improvement project. The Hunts' accident had occurred there on September 29, 1977, although the complaint erroneously stated the date as September 9, 1977, which was before Broce of Okla. had received the construction contract from the state. To avoid running of the statute of limitations, Hunt had to "commence his action" within two years of the date of the injury. Okla.Stat.Ann. tit. 12, § 95.

When Hunt filed his complaint, not only did he name as defendant a nonexistent corporation, but he directed that service be made upon John Speck, who was the designated service agent for Broce of Kan. He should instead have named Broce of Okla.

and had process served on E. A. Taylor, that entity's service agent. On September 27, 1979, Speck moved for dismissal on the ground he was not service agent for the named defendant, Broce Construction, Inc. On that same day, allegedly without knowledge of Speck's action, and without seeking to amend his complaint, Hunt had two summonses issued directing service on E. H. Ford, identifying her as the service agent for Broce of Okla. The U. S. Marshal mailed one summons to Ford, and attempted to deliver the other in person, not succeeding in either effort. On October 3, 1979, Hunt learned that twenty-five years prior thereto E. A. Taylor had replaced Ford as service agent for Broce of Okla. On that same day Hunt then had additional summonses issued to Ray C. Broce, Marvin D. Broce, and E. A. Taylor, who were all officers and directors of Broce of Okla. These summonses were served on various dates during October, all within sixty days of the filing of the complaint. Hunt then moved to amend his complaint to correct the name of the defendant to Broce of Okla., and the court granted his motion on October 25, 1979. On that same date, the three individuals served moved to dismiss on the ground they were neither service agents, officers, nor directors of Broce Construction, Inc. On December 10, 1979, the court agreed with them; it vacated its order allowing Hunt to amend the complaint, and granted the served individuals' and Speck's requests for dismissal. The trial court held that Hunt had not commenced the action against Broce of Okla. before the statute of limitations had run. At Hunt's request, the court entered as final its judgment on the motion to dismiss. This appeal followed.

■ Broce of Okla. argues that the trial court correctly dismissed Hunt's complaint because once the service agent for Broce of Kan. had been served, Broce of Kan. was

---

* Honorable Ewing T. Kerr, Senior United States District Judge for the District of Wyoming, sitting by designation.

1. A third Broce company, Broce Construction Company of New Mexico, Inc., is also registered with Oklahoma's Secretary of State and is engaged in highway construction, but its role here is unimportant.

fixed as the defendant, and Hunt could not then bring Broce of Okla. into the suit since the statute of limitations had run before he sought to amend the complaint. However, nothing in law or logic suggests that because a plaintiff's first service of process for a complaint naming a nonexistent defendant reaches an existing entity, he cannot have issued an additional summons directed to reach the party he should have served.[2] *See* Fed.R.Civ.P. 4(a).

The significant issue in this case is whether Hunt was entitled to amend his complaint and have it "relate back" to the date of filing so as to avoid the bar of the statute of limitations. As of September 29, 1979, the date the limitations period ran,[3] Hunt had filed a complaint naming as the defendant Broce Construction, Inc., and had outstanding a summons issued to Ford as service agent for Broce of Okla. A plaintiff is permitted to amend his or her complaint and have it relate back if it meets the test of Federal Rule of Civil Procedure 15(c):

> "An amendment changing the party against whom a claim is asserted relates back if [the claim arose out of the same transaction or occurrence] and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced

in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

■ In a diversity suit based upon an alleged tort that occurred in Oklahoma and brought in a federal court in that state, Oklahoma's definition of "commencement" determines the "period provided by law for commencing the action." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1122–23 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S.Ct. 116, 62 L.Ed.2d 75 (1979). Thus, we must look to Oklahoma's definition of commencement, and then determine whether Rule 15(c)'s criteria (1) and (2) were met within that time period.

■ In Oklahoma a party commences an action by filing a complaint and having a summons issued, or, most important to this case, by "attempting to commence an action" if the attempt meets certain conditions.[4] An attempt to commence an action is equivalent to commencement when a party diligently endeavors to procure service and succeeds within sixty days, even though the limitations period may have run during the sixty-day extension. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1122 (10th

---

2. Broce of Okla. also contends that the summonses issued to Ford were improper. In completing the praecipe Hunt's counsel entered the word "alias" above the word "summons," apparently out of familiarity with Oklahoma procedure permitting the issuance of "alias summons." We need not decide whether Oklahoma law prohibits the issuance of an alias summons under these circumstances since Fed.R.Civ.P. 4(a) governs the issuance of additional summonses in a federal court action. It provides: "Upon request of the plaintiff separate or additional summons shall issue against any defendants." As the plaintiff had requested issuance of the summonses for Ford, the self-styled "alias" summonses were properly issued.

3. The two-year statute of limitations commenced to run from the actual date of the accident giving rise to the suit, September 29, 1977. *See O'Neal v. Black & Decker Mfg. Co.*,

523 P.2d 614, 615 (Okl.1974). The error in stating the date of the accident set out in the complaint could be corrected by amendment under Fed.R.Civ.P. 15.

4. Okla.Stat.Ann. tit. 12, § 97 provides that for purposes of the statute of limitations:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him .... An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons, or if service is sought to be procured by mailing, by a receipt of certified mail containing summons, within sixty (60) days."

Cir.), *cert. denied*, 444 U.S. 856, 100 S.Ct. 116, 62 L.Ed.2d 75 (1979); *Green v. Huff*, 636 P.2d 907, 909 (Okl.1981); *Fitzsimmons v. Rauch*, 197 Okl. 426, 172 P.2d 633, 634 (1946). Applying Oklahoma's definition of commencement to the federal procedural rule on the relation back of an amended complaint, we conclude that a plaintiff who incorrectly designated the defendant is permitted to amend the complaint and have it relate back if within the limitations period he had issued a summons that is diligently pursued to service within sixty days, and that service resulted in fulfillment of Rule 15(c)'s criteria (1) and (2).

Hunt asserts that the Secretary of State's office told him Ford was the current service agent for Broce of Okla. More careful inspection of the records would have disclosed that Taylor had replaced Ford as service agent. The point was not pressed in the district court, but if that court had found the Ford summons was the result of incorrect information given Hunt by the Secretary of State's office, rather than Hunt's own error, we would be inclined to toll the statute while Hunt was acting on the incorrect information. *Cf. Zipes v. Trans World Airlines, Inc.*, —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (equitable tolling doctrine applies to 180-day limit for filing Title VII charges with the EEOC); *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd per curiam by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) (equitable tolling doctrine applies to 180-day limit for filing of notice to sue in Age Discrimination in Employment Act cases). The October 3 summons issued to E. A. Taylor was served on October 5; if the Secretary of State's office had furnished Hunt correct information on September 27, the date Hunt had a summons issued to Ford, we can assume it would have been served by September 29 when the limitations period ran. However, the trial court did not address Hunt's assertion that he acted on the basis of incorrect information given him by the Secretary of State's office, and we are reluctant to base equitable tolling on the assertion. Thus, in considering the effect of the October 3 sum-

monses, we regard them as having been issued after the limitations period.

As soon as the summons mailed to Ford was returned as undeliverable, Hunt had the October 3 summonses issued to E. A. Taylor as Assistant Secretary and service agent of Broce of Okla., Ray C. Broce as President of Broce of Okla., and Marvin D. Broce as Secretary of Broce of Okla. Because the Marshal achieved service on each of these summonses by October 19, which is within sixty days of when the complaint was filed and the two summonses were issued to Ford, we hold that Hunt diligently pursued the Ford summons to service, thereby coming within Oklahoma's attempt-to-commence grace period. Although the October 3 summonses were issued after the statute had run, they were the direct outgrowths of the two summonses issued within the statutory period to Ford as service agent of Broce of Okla. In *Green v. Huff*, 636 P.2d 907, 910 (Okl.1981), the Supreme Court of Oklahoma implicitly acknowledged that a summons issued after the statute had run satisfies the "attempt to commence" requirement so long as it is served within "60 days from the date of the filing of the petition and the issuance of the original summons." *Green* cites with approval *Kenner v. Schmidt*, 252 Or. 218, 448 P.2d 537 (1968), which involves an Oregon statute similar to Okla.Stat.Ann. tit. 12, § 97, and which explicitly applies the grace period to a second summons issued after the statute had run.

As additional support for our conclusion, we rely on *Fleming v. Hall*, 638 P.2d 1115 (Okl.1981), the Oklahoma Supreme Court's most recent decision in this area. The court held that the sixty-day grace period following quashing of a summons, *see* Okla.Stat. Ann. tit. 12, § 154.5, applies to a summons that was issued nine days before its predecessor was quashed and that was served on the day of quashing. *Id.* at 1116. As the new summons was not issued because its predecessor had been quashed, the case suggests a tolerant attitude so long as a summons was issued within the statutory period and its successor, though not issued until

the period had run, is served within the sixty-day grace period. In a given case the process server may have been unable to serve the original summons for a myriad of reasons: the server's error, the lawyer's error, the Secretary of State's error in maintaining records and furnishing information (as Hunt maintains occurred in this case), a corporate defendant's failure to notify the Secretary of State of a change in service agent or in the agent's address, or the absence of the party to be served. The party who had the summons issued may have acted in all due diligence and yet been unsuccessful in having the original summons served. *See State ex rel. Roacher v. Caldwell,* 522 P.2d 1031 (Okl.1974).

Having found that the Taylor, Ray Broce and Marvin Broce summonses were served within Oklahoma's commencement period, the next question is whether their service met Rule 15(c)'s criteria (1) and (2). The summonses were directed to these individuals in their capacities as officers of Broce of Okla.; therefore, Broce of Okla. may be charged with the notice they received. Following service of those summonses, Broce of Okla. must or should have known that except for a mistake concerning the identity of the proper party, the action would have been brought against it. Broce of Okla. might have been confused because the complaint stated an accident date of September 9, 1977, instead of the correct date of September 29, when the state did not award the construction contract until September 20. But we think Broce of Okla. must have realized plaintiff's error. The complaint identified the construction company as Broce Construction, Inc., a domestic Oklahoma corporation performing work pursuant to a contract it received from the Oklahoma Department of Transportation. The complaint referred to a contract between Broce Construction, Inc. and a firm providing traffic control devices, and Broce of Okla. had entered into such a contract. Broce of Okla. was probably quite aware an auto accident killing one individual and seriously injuring another had occurred at that construction site, and knew no other Broce Construction entity had been engaged in highway repair at that location in September 1977. Additionally, we see no undue prejudice to Broce of Okla. in requiring it to defend this action.

In these circumstances we think that Hunt is entitled to amend his complaint to name Broce of Okla. as the defendant, and the amendment will relate back to the date of the original filing. The trial court's order vacating its prior order allowing plaintiff to amend his complaint, and the trial court's dismissal of plaintiff's suit as barred by the statute of limitations are hereby reversed.